## KRALL vs. LULL.

*April 27 — May 11, 1880.*

*Instructions to jury, as to willfulness of assault, etc.*

In a civil action for an assault and battery alleged to have been made by defendant by the discharge of a loaded pistol at plaintiff, the court charged that if defendant did not assault the plaintiff, but the pistol, being in his hand for a lawful purpose, was discharged by careless handling or by accident, there could be no recovery in this action; and again, that if

plaintiff assaulted defendant, the latter having the pistol in his hands, and its discharge was caused by plaintiff's act without *design* on defendant's part, defendant was not liable. *Held*, that there was then no error in refusing a further instruction, asked by defendant, that there could be no recovery "unless the shooting was *willful and intentional*."

APPEAL from the Circuit Court for *Winnebago* County.

Action for an assault and battery alleged to have been committed by defendant's discharging a loaded pistol at the plaintiff in such a manner that the ball discharged from the pistol penetrated and wounded the body of the plaintiff; such shooting being charged to have been done wrongfully and intentionally. The answer was, in substance, that plaintiff made an assault upon defendant, advancing upon him in an angry, violent and threatening manner, so that defendant was in fear of receiving great bodily harm and injury; that while defendant was in the act of retreating, and for the sole purpose of frightening the plaintiff, he drew the pistol, showed it to the plaintiff, and warned him to desist from his attack; that while defendant was still holding the pistol in his hand, plaintiff struck and grappled with him, and in so doing caused the pistol to be discharged, without any intention on defendant's part to shoot the same against the plaintiff; and that this was the shooting alleged by the plaintiff as an assault and battery.

The questions here arose on the instructions given and those refused; and the substance of these, as understood by this court, is stated in the opinion. The plaintiff had a verdict and judgment; and the defendant appealed from the judgment.

For the appellant there was a brief by *Felker & Cleveland*, and oral argument by *Mr. Cleveland*.

The cause was submitted for the respondent on the brief of *Gabe Bouck*.

ORTON, J. The assault and battery in this case consisted of the use of a loaded pistol, which caused the injury complained

of; and there was no evidence or pretense that there was any assault aside from the discharge of the pistol. The instructions given to the jury, and those refused, must be considered solely in their application to the case proved.

The instructions given and refused, and the objections to those given, and the reasons urged in support of those refused, when brought together and concentrated, and considered only in their application to the case proved, have but one point. The complaint charges the act to have been done *intentionally*, and that, of course, must have appeared from the evidence to entitle the plaintiff to recover.

The instructions asked, when thus brought to the point, were as follows: "In this case the plaintiff cannot recover unless the jury find that the shooting was *willful* and *intentional*." They were refused, except as given in the general charge. The only question in the case upon which error is assigned is, Was this instruction substantially given in the general charge? The jury were instructed as follows: "If the defendant did not assault the plaintiff, but, having his pistol in his hand for a lawful purpose, and by the negligent or careless handling of the pistol, or by accident, the pistol was discharged and the plaintiff received an injury, he cannot recover damages for that injury in this action." And, again: "If the plaintiff assaulted the defendant, the defendant having a pistol in his hands, and the discharge of the pistol was caused by the pushing and jostling and assault of the plaintiff, and it was discharged without *design* on the part of the defendant, caused by the act of the plaintiff, then the defendant would not be liable for damages for injury consequent upon the discharge of the pistol."

This is really all of the charge of the court, except that relating to the law of self-defense, which is pertinent to the case. Keeping in view the fact that the assault and the shooting were one act, the jury are here charged that this act must have been done by *design* and not by *accident*. The instruc-

tions given, and the instructions asked and refused, might have been much plainer and much shorter, and probably would have been plainer if shorter; yet, substantially, the instructions given and those refused touch and mingle into one at this single material point, however widely they may diverge upon extraneous matters; and in this respect, and on this one point, they are both closely applicable to the real point of defense. The defendant testified "that he did not *intend* to fire (the pistol) — did not fire it *purposely*. The jar sent it off."

*By the Court.* — The judgment of the circuit court is affirmed, with costs.