## ABRAM BARAN *vs.* MAX SILVERMAN.

### MAY 27, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst and Sweetland, JJ.

*(1)   Trespass.   Case.   Negligence.   Assault and Battery.*

In an action of trespass for assault and battery, wherein plaintiff claimed
to have been struck by a pail thrown by defendant, instruction that if
defendant unintentionally and carelessly allowed it to drop and strike plaintiff
he was liable, but only for compensatory damages, was erroneous and un-
supported by the evidence, which on the part of the plaintiff showed a
wilful and intentional act and on the part of defendant an unconscious act
due to faintness.

*(2)   Trespass.   Case.   Negligence.   Assault and Battery.*

An action of trespass for assault and battery is based upon wilful and inten-
tional acts and not upon negligence, and evidence of negligence on the part
of a defendant is inadmissible.   Where plaintiff intends to rely upon the
negligence of the defendant the form of action should be in trespass on the
case.   Hence, in an action of trespass for assault and battery, instruction
that if defendant unintentionally and carelessly dropped the instrument
by which plaintiff claimed to have been struck, he was liable, but only for
compensatory damages, was erroneous.

TRESPASS FOR ASSAULT AND BATTERY.   Heard on ex-
ceptions of defendant, and sustained.

PARKHURST, J.   This case was tried before a justice
of the Superior Court, sitting in the County of Providence,
with a jury, on March 21st and 22d, 1911, and a verdict
was returned in favor of the plaintiff in the sum of one
hundred and ninety-three dollars.

The action is in trespass for assault and battery and the
circumstances as shown by the evidence were as follows:
Upon January 30th, 1910, the plaintiff, with his minor son,
visited a building upon Hilton street, in the city of Provi-
dence, customarily visited by Jewish people of the neighbor-
hood for the purpose of taking baths.   While there and
engaged in the act of bathing his son, the plaintiff was
suddenly struck in the ear by a pail, such as was commonly
used by all the bathers, which pail came from the direction

of the defendant. The defendant admitted that he had been using it. The plaintiff and defendant were strangers. They differ materially in their account of the occurrence. The plaintiff claims that the defendant, who was seated behind and above him at a distance of about three feet, while in the act of pouring cold water upon his head from the pail, which he held aloft, spilled some of the water upon the plaintiff's son; the plaintiff says that he thereupon remonstrated with the defendant who became angered, insulted him and finally threw the pail striking the plaintiff in the ear nearly severing the same. The plaintiff does not claim to have seen the pail thrown by the defendant, but did see it coming towards him and the defendant's hand uplifted, and maintains that the conditions warranted him in concluding that the defendant did throw it.

The defendant, although admitting that the pail which he was using was the one which caused the injury, maintains that he was not responsible, because, owing to the heat due to the presence of steam in the room, he was overcome, so that at the moment he raised the pail of cold water, intending to pour it upon his head for the purpose of relieving his condition, it slipped from his hands, through weakness, and that he was unaware that it fell upon the plaintiff, until after the injury had occurred.

(1) The case now comes before this court upon exception to certain parts of the charge of the Superior Court wherein the jury was charged as follows: "If, however, he raised this pail above his head and unconsciously—I wouldn't say unconsciously, but unintentionally, but carelessly, allowed it to drop out of his hands and strike the plaintiff, he would be liable in that case, but he would only be liable for such damages as would fairly compensate the plaintiff for the damages sustained." . . . "But if the injury occurred simply by a careless act on the part of the defendant and he dropped the pail and struck the plaintiff when he had no intention of doing so, in that case it would not be proper to award any punitive damages, but simply such damages

as would fairly compensate the plaintiff for the injury done."

. . .

We are constrained to hold that these instructions were erroneous. The action was trespass for assault and battery. The plaintiff claimed that the act of the defendant was wilful and intentional growing out of bad temper arising from an altercation; the defendant denied this and claimed that he dropped the pail unconsciously because he was faint from the heat of the steam; so that there was no evidence of negligence on the part of the defendant. This portion of the charge was therefore gratuitous and had no support in the evidence.

(2)     Furthermore, the declaration being in trespass for assault and battery is based upon wilful and intentional acts, and not upon negligence, and evidence of negligence upon the part of the defendant would have been inadmissible. If the plaintiff had intended to rely upon the negligence of the defendant as a cause of action his proper form of action would have been trespass on the case for negligence. *Fallon* v. *O'Brien*, 12 R. I. 518, 521.

In *Krall* v. *Lull*, 49 Wis. 403, which was a civil action for assault and battery alleged to have been made by defendant by the discharge of a loaded pistol at the plaintiff the court charged that if defendant did not assault the plaintiff, but the pistol, being in his hand for a lawful purpose, was discharged by careless handling or by accident, there could be no recovery in this action; the charge was held correct.

In *Razor* v. *Kinsey*, 55 Ill. App. 605, it is said, p. 614: "Willfulness, or intention on the part of the defendant to do the injury to the person of the party injured, is held to be essential to the establishment of liability of the defendant in an action of trespass for an assault and battery, and malice or wantonness besides, to an allowance for vindictive damages. There may be trespass to the person and liability for the actual damage, without intention to commit it, but not an assault and battery.

"For aught that this record discloses, the jury may have believed the testimony of the defendant and Curtis Razor, rather than that of the plaintiff, and found that all of the injuries to plaintiff were due solely to the collision of the carts, and that this was unintentional on the part of defendant; but, under the instructions given, that having put in motion and been in charge of the force that caused it, it was his misfortune that he was unable to control it, which he must bear, and pay the damage resulting to plaintiff; that the amount found was only a fair compensation for his injuries; and that, had they been instructed that there could be no rightful recovery in this action for such unintentional injury, they would have found for the defendant."

It would seem that the jury must have been governed in their finding by this improper instruction. They returned a verdict for the plaintiff for $193. The testimony undisputed shows expenses for surgeon's and doctor's bills of about $150, and loss of business due to enforced absence therefrom of about $150; it would not be likely that the jury would award less than the actual damages proved, if they believed the plaintiff's story that he was wilfully assaulted; and they might have awarded punitive damages in addition. On the other hand, it would appear that they must have taken the unauthorized view permitted by the court, in these instructions, that the injury was due to carelessness or negligence on the part of the defendant, and awarded much less than would have been proper if they acted upon the plaintiff's theory of the case, and much more than would have been proper, if they had believed the defendant's story.

Inasmuch as the jury were thus improperly instructed, we are unable to determine what weight they gave to the testimony which was properly before them, but we are satisfied that their verdict is not properly responsive to the evidence and should be set aside.

The exceptions to the charge of the court as above set forth are therefore sustained, and the case is remitted

to the Superior Court, with direction to grant a new trial.

*George W. Bennett, Jr.,* for plaintiff.
*Harold S. James, James J. McGovern,* for defendant.