EDITH L. CLARKE *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, April Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK AND ROBINSON, Js.

It is a general if not a universal principle of law that a plaintiff in an action for negligence cannot recover if his own failure to exercise reasonable care materially contributed to his injury.

This rule applies not only to the driver of an automobile, but to all its occupants, although the exercise of "reasonable care" may demand· of the latter, under ordinary conditions, but little in the way of active vigilance or circumspection. A gratuitous passenger in any vehicle is not ordinarily expected to give directions or advice as to its management and control. Circumstances may arise, however, in which it would become his duty, in the exercise of such care, to look out for threatened or possible danger and upon its discovery to warn the driver.

In the present case the plaintiff, while riding with her husband in an automobile which he was driving, was injured in a collision with a street-railway car. The defendant contended that the plaintiff might easily have seen the approaching car, had she used reasonable care, in time to have warned her husband and thereby enabled him to avoid the collision. *Held* that if the jury so found, and that the plaintiff's failure to exercise such care was a proximate cause of her injury, she could not recover, even though she might not have had actual knowledge of the danger in time to have warned her husband.

Unless a plaintiff's negligence is a proximate cause of his injury it will not bar his recovery.

The trial court charged that neither of the plaintiffs could recover without proof that the collision was caused by the defendant's negligence. *Held* that this complied in effect with the defendant's request that the plaintiffs could not recover if the husband's negligence was the sole cause of the collision.

One cannot be said to acquiesce in, and adopt as his own, the negligent act or conduct of another, unless he knew, or ought to have known, that such act or conduct was negligent; and to charge one with knowledge, the act or conduct must have been grossly negligent and apparent.

Argued April 15th—decided June 14th, 1910.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negli-

gence, brought to the Superior Court in New Haven County and tried to the jury before *Gager, J.;* verdict and judgment for the plaintiff for $500, and appeal by the defendant. *Error and new trial ordered.*

*Thomas M. Steele* and *Harrison T. Sheldon,* for the appellant (defendant).

*Robert C. Stoddard* and *Charles F. Clarke,* for the appellee (plaintiff).

THAYER, J.   The plaintiff was riding with her husband in a small, light, open automobile having only two seats, known as a runabout, which was then driven by and entirely under the control and management of her husband.   They turned from the south out of First Avenue, West Haven, into Elm Street, making a wide curve, and came partly upon the east-bound track of the defendant's double track electric railway, which extends through the middle of that street, the automobile heading and proceeding east.   Almost immediately an east-bound car of the defendant struck the automobile, and as a result of the collision the plaintiff received the injuries for which she seeks to recover in this action.

The husband also brought an action for injuries to the automobile.   The two actions were tried together, by agreement, to a jury, and in the husband's action the defendant had a verdict.   As the jury, upon the same evidence, gave this plaintiff a verdict, it is apparent that they found the defendant guilty of the negligence charged against it, and that the husband's freedom from contributory negligence was not established.   Whether they found him guilty of such negligence cannot be known.   The only question of any substance, raised by the appeal, is whether the court's instruction to the

jury was correct with respect to the question of contributory negligence as related to this plaintiff's action.

The plaintiff and her husband were familiar with the general situation at the junction of the streets where the collision occurred, having driven over it three or four times during the three or four weeks that her husband had owned the automobile. The chief questions of fact, concerning which the parties were in controversy, were as to the point at which the occupants of the automobile could have seen the car approaching from the west, as they drove north through First Avenue to the place of collision; whether either of them looked for a car before passing upon the track; the speed of the vehicles as they approached each other; and whether they were properly managed. There was ample room for the passage of the automobile through the street south of the railway track, and no vehicles or other obstructions in the way, although there was a slight gully in the macadam at the southeast corner of the streets, to avoid which the wide turn was taken.

The defendant claimed that the plaintiff was guilty of contributory negligence in failing to make a reasonable use of her senses to discover the danger, and in failing to make proper efforts, by calling it to her husband's attention or otherwise, to avoid it. It requested the court to charge the jury that if they should "find that Mrs. Clarke by using reasonable care might have seen or heard the car coming in time to warn her husband so as to allow him to stop the automobile, or to check its speed, or to avoid going upon the track, or to leave the track, or in any other way to avoid the collision, and that she failed to use such care, she cannot recover."

The court charged the jury that if the automobile was being operated in a dangerous manner, and Mrs. Clarke knew of the dangerous situation in time to have

warned her husband so that the accident could have
been prevented, and did not so warn him, and without
objection acquiesced in his manner of operation, she
was negligent and could not recover. It further charged
as follows: "But as to whether she saw or could have
seen, or not, you will bear in mind that she was not
operating the machine, either by herself or by her agent,
and she was under no special obligation to look out for
danger. That situation had been assumed and was oc-
cupied by her husband. So it gets down to a question of
fact, did she, under the circumstances there in question,
see the danger in time to warn and stop, and did not
warn and stop; and that I think, so far as the facts are
disclosed in this case, is the only situation which will
prevent her recovery, if you find the other element of
the defendant's negligence exists."

By the rule thus laid down no duty rested upon the
plaintiff to look out for or to guard against the probable or
possible danger which would arise from driving upon the
track. She would, under these instructions, be charge-
able with contributory negligence only in case she saw or
knew of the actual danger in time to warn her husband
so that he might stop the automobile, and neglected
to warn him. The charge would excuse her from negli-
gence, although she saw and knew of the danger in time
to have avoided injury by stepping from the auto-
mobile, although too late to stop it. It would excuse
her if, with knowledge of the actual danger, she failed
to warn her husband, when with such warning, although
too late to stop the automobile before reaching the
track, he might have avoided the accident by driving
it directly across it.

The defendant's exceptions to the charge are, how-
ever, not placed upon this narrow ground. Its claim
is that the charge deprived it of the benefit of the uni-
versal rule that a plaintiff who bases his right of action

upon the negligence of another must prove his own due care. The charge recognizes the rule that the plaintiff could not recover if her own negligence contributed essentially to her injury; but it is claimed that the charge fixes an improper standard of duty, one which rendered her immune against any charge of negligence until she actually saw or knew of the danger.

The general rule is that a plaintiff, in an action for negligence, must show that his injuries were not caused by his own want of reasonable care; and whether he exercised such care, and if not, whether his failure to do so contributed essentially to his injury, are questions for the jury to determine from a consideration of all the circumstances of the case. This rule was not given to the jury in the present case. They were told that the question of the plaintiff's contributory negligence depended upon two facts, did she see and know of the danger, and did she warn her husband. They were also told that she was not obliged to look out for danger. The burden of proving her own freedom from contributory negligence would be satisfied, under the charge, by evidence which persuaded the jury that she did not see or know of the approach of the car before the accident. Such an instruction in the husband's case would clearly have been erroneous. Does the fact that the plaintiff was a gratuitous passenger, having no control of the automobile, bring her within a different rule? That fact would have great weight in determining whether her conduct constituted due care. It would be one of the circumstances, and unquestionably an important one, to be considered in deciding whether her conduct was all that reasonable care on her part called for. A gratuitous passenger, in no matter what vehicle, is not expected, ordinarily, to give advice or direction as to its control and management. To do so might be harmful rather than helpful. But his pres-

ence in the vehicle may so obstruct the driver's view of a car or other approaching vehicle, or other circumstances of the situation may be such, as to make it his duty to look out for threatened or possible dangers, and to warn the driver of such after their discovery. This might be necessary for the passenger's as well as for the driver's safety. On the other hand, the character of the vehicle in which he is a passenger may be such, or his location in it, or the other circumstances, may be such, that to look or listen for approaching cars, or other dangers, would be unnecessary and useless. For such a passenger to engage in conversation with fellow passengers, and entirely neglect to look out for dangers, or to observe the manner in which the vehicle is being operated, might be the conduct of a reasonably prudent person. It cannot be said, therefore, that in every case, and all the time, it is the duty of a gratuitous passenger to use his senses, or to look and listen in order to discover approaching vehicles or other dangers, or that his failure to do so would be a failure to exercise due care. But while this is so, the law fixes no different standard of duty for him than for the driver. Each is bound to use reasonable care. What conduct on the passenger's part is necessary to comply with his duty must depend upon all the circumstances, one of which is that he is merely a passenger having no control over the management of the vehicle in which he is being transported. Manifestly, the conduct which reasonable care requires of such a passenger will not ordinarily, if in any case, be the same as that which it would require of the driver. While the standard of duty is the same, the conduct required to fulfil that duty is ordinarily different because their circumstances are different. Whether reasonable care has been exercised in either case is a question of fact for the jury.

In the following cases in this State it was held, or

assumed without the precise point being discussed, that the same rule of reasonable care under all the circumstances is applicable to the case of a passenger which is applicable in other cases. *Fox* v. *Glastenbury*, 29 Conn. 204, 209; *Peck* v. *New York, N. H. & H. R. Co.*, 50 id. 379, 392; *Andrews* v. *New York & N. E. R. Co.*, 60 id. 293, 295, 22 Atl. 566. In other States, where the precise point has been raised, it is held with practical unanimity that the same rule applies. It will suffice to refer to the following cases selected from many cited in the defendant's brief. *Shultz* v. *Old Colony Street Ry. Co.*, 193 Mass. 309, 323, 79 N. E. 873; *Allyn* v. *Boston & Albany R. Co.*, 105 Mass. 77, 79; *Smith* v. *Maine Central R. Co.*, 87 Me. 339, 350, 32 Atl. 967; *Whitman* v. *Fisher*, 98 Me. 575, 577, 57 Atl. 895; *Brickell* v. *New York Central & H. R. R. Co.*, 120 N. Y. 290, 293, 24 N. E. 449; *Read* v. *New York Central & H. R. R. Co.*, 123 N. Y. App. Div. 228, 107 N. Y. Supp. 1068; *Miller* v. *Louisville, N. A. & C. Ry. Co.*, 128 Ind. 98, 100, 27 N. E. 339, 340; *Willfong* v. *Omaha & St. L. R. Co.*, 116 Ia. 548, 553, 90 N. W. 358, 360.

The court gave the jury the proper standard by which to determine whether the husband was guilty of contributory negligence. It did not permit them to measure the plaintiff's conduct by the same standard. The jury found against the husband because they were not satisfied that he used reasonable care. Whether, if permitted to measure this plaintiff's conduct by the same rule, they would have reached the same result in her case, we do not know. It cannot be said, therefore, that the defendant was not harmed by the charge, unless we can say that upon the facts in the case the plaintiff was free from contributory negligence unless she actually knew of the danger in time to warn her husband. We have not the facts before us: only the claims of the parties as to what the evidence established. It

would appear from the finding to be undisputed that the plaintiff was seated upon the left of her husband, the side from which the car approached, that there was a clear view of the defendant's track for more than half a mile to the west from a point thirty-five feet south of the track until the plaintiffs reached the track, and that they were alone in the automobile and were not at the time engaged in any conversation. The plaintiffs claimed, but it was disputed, that the automobile was going at a speed of not more than four to six miles per hour. It was claimed by the defendant, but disputed, that the motorman sounded his gong as he approached the crossing. Each of the plaintiffs claimed to have looked to see whether a car was approaching, and this plaintiff claimed to have listened also. We think that it was a question for the jury whether the evidence established the plaintiff's freedom from contributory negligence, and that the instruction that she could recover unless the jury should find that she saw the danger in time to warn her husband, was erroneous.

The defendant's request to charge upon this subject made her failure to use due care to see or hear the car coming prevent her recovery. This would be so, provided the neglect was a proximate cause of the injury. But it would not prevent her recovery if the jury should also find from the other facts in the case that such neglect did not essentially contribute to her injury. The court might properly have refused, therefore, to give the request in the language in which it was presented.

The instruction that neither of the plaintiffs could recover without proof that the collision was caused by the defendant's negligence, was in effect an instruction and a compliance with the defendant's request that they could not recover if the husband's negligence was the sole cause of it.

The defendant requested a charge that if the husband

operated the automobile in a careless manner, and the plaintiff acquiesced in this manner of operation, she was bound by his negligence and could not recover. The fact that the plaintiff knew of the manner in which her husband was operating the automobile, even if he was negligent in so operating it, would not necessarily show that she was negligent in remaining in the automobile, although she acquiesced in his manner of driving. There would be no acquiescence in his negligence so as to make it her own, unless she knew, or ought to have known, that his manner of operating the machine was negligent. His negligence must have been so gross and so apparent that she was bound to know of it in order to make her chargeable with it. The charge upon this question was quite as favorable to the defendant as it was entitled to, and its request was properly refused.

There is error and a new trial is ordered.

In this opinion the other judges concurred.