PATRICK DUFFY ET AL. *vs.* THE J. W. BISHOP COMPANY.

Third Judicial District, New Haven, June Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The plaintiff, employed as a workman on a construction job by a sub-contractor of the defendant, brought suit against the defendant for damages for injuries sustained while being transported by automobile from work on his way home. The plaintiff's employer, having paid him compensation, was joined as coplaintiff under the provision of the Workmen's Compensation Act to that effect, and was by the trial court allowed judgment for the amounts so paid, out of the total recovery against the defendant. The defendant objected, because by its contract with such subcontractor, the latter had agreed to be solely answerable for all damages in any way arising out of the work. *Held* that the action was purely for negligence, that the Compensation Act was in no way involved except for the particular section which called for the joinder of the immediate employer as coplaintiff, and hence that any question concerning the contract of indemnity between the defendant and such employer was not involved in the case.

A conclusion of the trial court that the plaintiff, when injured, was in the exercise of due care, is a conclusion of fact and, if logically supported by subordinate facts legally competent to support it, is not reviewable on appeal.

The plaintiff was seated in the forward part of the car riding backward with his back to the driver, and noticed only that the car was going at a high rate of speed. Two of the other workmen in the car made remarks concerning the way in which the car was going, but the plaintiff said and did nothing before the accident occurred. *Held* that inasmuch as the driver's negligence must have been so apparent and gross that a passenger was bound to know of it, before any duty rested upon the latter, and since any negligence of the plaintiff was not shown to have been the proximate cause of the injury, as it did not appear what the plaintiff could or should have done, the court did not err in not charging him with contributory negligence.

Since the defendant had agreed to transport the workmen from work, the plaintiff was not merely an invitee in the car, but was a passenger for hire, and the defendant was a private carrier charged with all the duties pertaining to such a person.

The owner of an automobile carrying passengers for hire is bound to furnish a safe car and a safe and competent driver.

The car in question had been in an accident earlier the same day, and was looked over and pronounced all right by the defendant's machinist. The trial court found that there was negligence in such inspection, and also in the failure of the driver to stop when he felt that the steering apparatus was not working properly. *Held* that the finding of the defendant's lack of due care was amply justified.

In a personal-injury action, damages are assessed up to the date of the trial, and include all future as well as past sufferings and disabilities; and hence it is error to award interest from the date of the injury.

If the amount erroneously allowed as interest appears in the finding as a separate item, it can be deducted from the damages recovered and thus avoid the granting of a new trial.

* Argued June 13th—decided July 27th, 1923.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to and tried by the Superior Court in New Haven County, *Webb, J.;* facts found and judgment rendered for the plaintiff Jackson Stone Company to recover $5,378.45 (that being the amount it had paid the plaintiff Duffy, its employee, under an award of the Compensation Commissioner), and for the plaintiff Duffy to recover $1,989.55, from which the defendant appealed. *Error; judgment in favor of Duffy reduced to $946.55 on account of erroneous allowance of interest.*

This was an action originally brought by plaintiff against defendant. Afterward, by order of court, The Jackson Stone Company, immediate employer of plaintiff, was added as a coplaintiff, under the provisions of the Workmen's Compensation Act.

The court found the following facts: The plaintiff Duffy, prior to the date of a certain injury received by him, was a mortar mixer in the employ of the Jackson Stone Company, a subcontractor under the defendant, who was engaged in the erection of certain buildings in Fairfield, Connecticut. The contract between the

* Reargued Nov. 6th—original opinion affirmed Nov. 7th, 1923. For additional briefs on the reargument, see Oct; Term, 3d Dist., 1923.

Duffy v. Bishop Co.

defendant and the Jackson Stone Company was in writing and contained, among other matters, the following provision: "Article 1½. The sub-contractor shall be solely answerable for damages to all persons or property whatsoever in any way arising out of or in the course of the work hereunder, or of any extra work of himself, his sub-contractors, agents or servants."

The plaintiff Duffy lived in New Haven, and pursuant to an arrangement between the Jackson Stone Company and Duffy, he was to be transported to and from his home in New Haven and the Lasher job in Fairfield, and he had been for three weeks going to and from his work before the injury hereinafter described, by steam railroad to Fairfield, and from the station there to the Lasher job by auto or truck operated by the servants of the defendant company. The transportation by the defendant company of Duffy from the station at Fairfield to the job was undertaken by virtue of an agreement between the defendant and the Jackson Stone Company. Duffy was at all times while he worked on the job, transported by the defendant company to and from the railroad station at Fairfield to the Lasher job. Sometimes this was done in a Ford automobile, with a business body or wagon box on the rear. This Ford automobile was also used in executing orders in Bridgeport and Fairfield, and by the office men on the job in running back and forth to these places from the job.

On Saturday, the third day of April, 1920, the plaintiff Duffy worked on the job during the forenoon and up to the usual quitting time for that day at the noon hour. When ready to leave the grounds, Duffy and five other men boarded this Ford car. By reason of the unsafe and defective condition of the steering apparatus on said car it was not a proper vehicle to use for the purpose it was used for, on the trip in ques-

tion, and the defendant, its agents and servants, ought to have known of it, and in consequence the car was overturned and plaintiff suffered serious injury. The plaintiff did not know of the defective condition of the steering apparatus of said car at any time before the accident, nor was he warned or informed thereof at any time.

The plaintiff Jackson Stone Company, the employer of Duffy, was obligated by decrees and awards of the Compensation Commissioner of the fourth district, to pay to the plaintiff Duffy various sums as compensation for loss of wages under the Workmen's Compensation Act, also medical and hospital bills, in all aggregating the sum of $5,378.45. Said plaintiff the Jackson Stone Company, had insured itself against liability of this kind with the Fidelity and Casualty Company of New York, an insurance corporation. The Fidelity and Casualty Company of New York as such insurer of the Jackson Stone Company, paid the various sums awarded to Duffy by the Compensation Commissioner, aggregating in all the sum of $5,378.45. The plaintiff the Jackson Stone Company, is entitled to be reimbursed for the said sum of $5,378.45, the amount of the total payment made by its insurer, the Fidelity and Casualty Company of New York. The plaintiff Duffy has suffered severe and permanent injuries substantially as described in the complaint, except that a cancerous infection of his lip and its consequent operation was not in any way caused by the accident, and was not a result thereof. The court rendered judgment for plaintiffs, made up of the following items:

Physical injuries, pain, suffering and disability $5,930

Medical and hospital expenses............ 395

Interest.................................. 1,043

$7,368

Duffy v. Bishop Co.

The trial court reached the following conclusions: "1. That the plaintiff sustained his injuries by reason of the negligence of the defendant's servants in undertaking to transport him in an automobile having a defective steering apparatus, which defect should have been discovered by the exercise of reasonable care. 2. That the plaintiff was entitled to be compensated for his pain and suffering and permanent disability, his medical and hospital expenses, and loss of wages, together with interest thereon. 3. That the provision of article 1½ of the contract, Exhibit 1, did not bar the Jackson Stone Company from recovering its proportionate share of the judgment. 4. That the Jackson Stone Company was entitled to recover to the amount it had paid in satisfaction of the award of the Compensation Commissioner, and the plaintiff Duffy the balance of the damages found."

The defendant assigns error in these conclusions of the court. Further facts appear in the opinion.

*William B. Ely,* for the appellant (defendant).

*Walter J. Walsh,* for the appellee (plaintiff Duffy).

*Wilson H. Pierce,* for the appellee (plaintiff Jackson Stone Company).

KEELER, J. The defendant claims that while the contract between it and the Jackson Stone Company, plead as a special defense, may not be a defense to recovery in the action itself, yet it clearly shows an equitable reason for not permitting the latter to collect, and that a defense to that effect may properly be interposed in the action. The action is one in tort by Duffy to recover from defendant damages suffered by reason of the negligence of its servants. The right of action

does not flow from any contractual liability, nor are the provisions relative to injuries contained in the Workmen's Compensation Act in any way germane to the cause of action involved. Duffy, in this action, was not seeking compensation from the defendant as a principal contractor. The Jackson Stone Company is a coplaintiff by reason of one particular provision of that Act, in order that it may recover out of any sum allowed as total damages for the injury, such proportion of the same as it has paid to the plaintiff Duffy by reason of an award made to the latter by the Compensation Commissioner. Its joinder as a coplaintiff does not draw into the present action any of the other provisions of the Act, or any implications arising therefrom. Such being the case, the questions raised in the appeal concerning the contract of indemnity between the defendant and the Jackson Stone Company, its effect and whether it is against public policy, as well as any claim connected with General Statutes, § 5345, relating to the liability of a principal employer to make compensation for injuries to an employee of a subcontractor, the construction of this section, or its constitutionality, are taken out of the case and need not be considered.

The defendant assigns as error, the conclusion of the trial court that, as to the injury, Duffy was in the exercise of due care. This is a conclusion of fact to be made by the trial court, and if logically supported by subordinate facts legally competent to support it, presents a conclusion not reviewable on appeal. *Fox* v. *Kinney*, 72 Conn. 404, 44 Atl. 745.

It appears from the finding that the plaintiff was seated in the forward part of the car riding backward with his back to the driver, and that the car was going down-hill on a winding road; it swayed somewhat and two of the other passengers made remarks

concerning the way in which the car was going. The plaintiff noticed only that the car was going at a high rate of speed. He was in no position to note anything about the car which indicated that it was in any way defective, nor does it appear from the finding that there was any indication of defect which he should have noted before getting into the car. He had no control over the operation of the car. It is found that he did and said nothing. He was not called upon to say or do anything unless he knew or ought to have known that the car was being operated negligently. The negligence of the driver must have been so apparent and gross that he was bound to know it. *Clarke* v. *Connecticut Co.*, 83 Conn. 219, 227, 76 Atl. 523.

Furthermore, it must appear that the negligence, if any, of Duffy, was the proximate, efficient and essential cause of his injury. It cannot be said that if he, like one of his fellow-passengers who was riding at the rear-end of the car with his legs hanging out, had stated that he was going to get out, or like another had said that the car was swaying, that he would have thereby exhibited due care, and that his neglect to do so was an efficient cause of his injury. He did nothing; appellant claims that he should have done something; just what does not appear, unless that due care required that he should leap from the car and take the risk of severe injury. All that he observed was that the car was going rapidly; it does not follow that this fact was such a notice of danger as to call for action on his part. It was certainly the province of the trial court to conclusively say whether it did or not. In failing to charge Duffy with contributory negligence the court did not err.

Appellant also maintains that it did all that it was required to do in the way of due care in view of the duty owed to Duffy, whom it claims was merely an invitee in the car. We cannot hold that this was his

position. Under the facts found by the court he was
a passenger for hire, and the defendant was a private
carrier charged with all the duties pertaining to such a
person. The contract of defendant with the Jackson
Stone Company does not provide for the transporta-
tion of the latter's employees, but is concerned with
matters of construction and the like. The contract
of carriage was entirely separate from the building
contract.

Being a private carrier for hire, it was the duty of de-
fendant to exercise the usual skill, care and diligence
ordinarily exercised by those engaged in the same pur-
suit, to furnish safe cars and appliances for transporta-
tion of these workmen, and a proper driver of the car.
Its duty was equated to that of the keeper of a livery-
stable as defined in *Stanley* v. *Steele*, 77 Conn. 688, 60
Atl. 640, and *Deming* v. *Johnson*, 80 Conn. 553, 69 Atl.
347. The owner of a livery-stable is bound to furnish
a safe carriage and a competent and safe driver. On
the same principle, the owner of an automobile carrying
passengers for hire is bound to furnish a safe car and a
safe and competent chauffeur.

The case of *Stanley* v. *Steele, supra,* is largely con-
cerned with the question of inspection, and it is therein
held that such inspection should be such as to exhibit
the ordinary care of a person engaged in such business.
The trial court was abundantly justified in holding
that reasonable and proper inspection was a duty of
the defendant. It was equally justified in concluding,
from the subordinate facts found, that defendant did
not exercise due diligence or ordinary care and prudence
in regard to inspection.

The defendant's machinist who repaired its cars in-
spected the machine after it had earlier in the day been
in collision. His examination was superficial and in-
adequate. The extent of damage to the car, as detailed

in the statement of facts, resulting in bending the wishbone which controlled the steering of the car, should have indicated that the car was not fit to use without repair or readjustment. The court finds that the examination consisted in a brief general inspection of the car, disclosing to him no serious defect. After an accident the examination should have been neither brief nor general. The machinist was negligent in this regard. The court was justified in finding that the driver was also negligent; he felt that the steering wheel shifted and the car wobbled from side to side, yet he did not stop as he should have done, and try to ascertain the cause of the trouble, but permitted it to run for about five hundred feet when the trouble recurred, and even then, though at that time he could have stopped the car in ten feet, he permitted it to run thirty feet further when it ran up the bank and the occupants were thrown out, and the injury to Duffy occurred, as a direct result of the want of care above detailed.

The defendant assigns error in that the court allowed interest upon the amount awarded for physical injury, pain, suffering and disability, and apparently for the amount paid for medical and hospital expenses for which Duffy was liable on that account. In this the court erred. The instant case does not come within the rule laid down in *Regan* v. *New York & N. E. R. Co.*, 60 Conn. 124, 143, 22 Atl. 503, and in *New York, N. H. & H. R. Co.* v. *Ansonia L. & W. P. Co.*, 72 Conn. 703, 705, 46 Atl. 157. Prior to the trial of the action the amount to be awarded Duffy for pain and suffering had not been ascertained nor liquidated. In actions of this class damages are assessed by a jury up to the date of trial, and include all future as well as past sufferings and disabilities. Hence no interest is allowable from the date of the injury. It does not appear when Duffy paid his medical and hospital charges, or that he had

in fact paid them. Hence nothing in the way of interest on these items was allowable.

The action of the court in this last regard is erroneous, but as in the finding of the court the amount allowed for interest appears in a separate item, the error can be corrected without a new trial by deducting this amount from the damages recovered.

There is error and the case is remanded to the Superior Court with direction to enter judgment for Duffy for the damages awarded him by the court, less the item allowed for interest, that is, for $946.55.

In this opinion the other judges concurred.