IRVING MARKS vs. DAVID DORKIN.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

One who accepts an invitation to ride in another's automobile is not guilty of contributory negligence, nor does he assume any risk, merely because he believes or fears from past experience that the other may operate the car negligently. Questions relating to the guest's contributory negligence or his assumption of risk cannot arise until he knows, or should know, that the driver *is* operating the car negligently.

Such belief or fear based upon past experience may be a circumstance which, in the exercise of reasonable care, should impose upon the guest the duty of greater watchfulness.

A guest in an automobile is not ordinarily expected to give directions or advice as to its management and control; in fact, it may generally be said that interference on his part, by laying hold of an operating lever, by exclamation, or even by direction or inquiry, is not the course of safety, which usually lies in letting the driver alone.

The argument of defendant's counsel *held* improper and, had the record disclosed that it was harmful, to be a sufficient ground for ordering a new trial.

If the only conclusion reasonably open to the jury upon the evidence was that the defendant was negligent and the plaintiff was not, a verdict for the defendant should be set aside.

Argued October 26th, 1926—decided January 28th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Baldwin, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Charles S. Hamilton* and *Morris M. Wilder,* for the appellant (plaintiff).

*William L. Hadden,* with whom, on the brief, was *David E. FitzGerald,* for the appellee (defendant).

CURTIS, J. This case came before us at the June Term upon an application by the plaintiff for rectification of the appeal by correcting the finding. The motion was denied. Upon our own motion we struck out portions of paragraphs seven, eight, nine and ten of the finding, as appears in our opinion upon that motion. *Marks* v. *Dorkin,* 104 Conn. 660, 133 Atl. 915.

The plaintiff's appeal claims error in the charge to the jury, in the refusal to charge as requested, in certain rulings as to the admission of evidence, in the ruling prohibiting counsel for plaintiff from answering certain claims made to the jury by counsel for the defendant, and in denying the plaintiff's motion to set aside the verdict.

Under the evidence the jury could reasonably have found these facts: The plaintiff, with hesitation, accepted an invitation of the defendant to ride, and rode from Hartford to Meriden as a guest in an automobile driven by him; that the defendant drove the car at a

Marks *v.* Dorkin.

fast rate and kept speeding up, and when past Berlin was driving at fifty-five miles and at times sixty miles per hour. The plaintiff asked the defendant to slow up, and said to him, that he would rather get home a little later than not get home at all. The defendant assured him he was a safe driver, did not try to decrease his speed, and went around curves pretty fast; there was no traffic from the opposite direction. While so driving the defendant lost control of the automobile, and it ran upon a bank on the side of the road and turned completely over, the plaintiff was thrown out, knocked unconscious, and severely injured.

It could not reasonably have been found that the defendant was in the exercise of due care in driving the automobile. Whether the plaintiff was in the exercise of due care while riding was made to turn by the court, under the claim of the defendant, upon the state of mind of the plaintiff as to the competency of the driver when he accepted the defendant's invitation to ride. This appears from the following excerpt from the charge, which is made a reason of appeal: "Counsel claim that this plaintiff knew and regarded this defendant as a fast and careless driver; that he comprehended all of the dangers incident to riding with him, when he testified that he hesitated about accepting his invitation, and that this was one of the reasons why he hesitated; that this knowledge was gained by the plaintiff from previous experience when riding with the defendant. It is also claimed that the plaintiff had, after testifying upon his first appearance upon the witness stand, that he hesitated about accepting the defendant's invitation because he drove fast and he thought he was careless, discovered that such testimony was harmful to his cause of action here, and therefore has gone again upon the witness stand and attempted to give another reason

for having said that he hesitated; and that, as a reason why he hesitated about riding on that occasion with the defendant, that he had not meant to say that he thought the defendant was careless."

Thus, the past habits of the driver or his competency as disclosed to the plaintiff by his past conduct of driving, was deemed as relevant, or rather decisive if found proved, as to whether or not the plaintiff was in the exercise of due care in riding with the defendant. This was an erroneous conception of the law, and has no support in *Dickerson* v. *Connecticut Co.,* 98 Conn. 87, 118 Atl. 518, as the defendant claimed.

If a guest, when he enters an automobile upon an invitation to ride, regarded the driver from past experience as a fast and careless driver, and for that reason hesitated about accepting the invitation, the mere fact that the guest accepted the invitation and entered the automobile would not be contributory negligence and a bar to recovery for an injury caused by the negligent driving of the other. There can be no contributory negligence or assumption of risk arising on the part of an invited guest from the mere knowledge that the driver on former ocasions has so driven his automobile as to indicate that he is likely to drive recklessly. This may be a circumstance imposing upon the guest, in the exercise of reasonable care, greater watchfulness. Contributory negligence or assumption of risk in relation to the negligent driving of a car cannot arise until it is disclosed to, or ought to have been known to, the guest, that the driver is driving negligently. In other words, a guest, merely because he believes or fears from past experience that a driver of a car may drive negligently, does not assume the risk of any such negligence or fail to use due care by accepting an invitation to ride.

The duty of a guest in an antomobile has been

stated at length in *Birmingham Railway, L. & P. Co.* v. *Barranco* (1920) 203 Ala. 639, 84 So. 839, 18 A. L. R. 313, in conformity with our holding in *Clarke* v. *Connecticut Co.*, 83 Conn. 219, 223, 76 Atl. 523, where we say: "A gratuitous passenger, in no matter what vehicle, is not expected, ordinarily, to give advice or direction as to its control and management. To do so might be harmful rather than helpful." In 18 A. L. R. 314, the annotator states the law as follows: "Generally a passenger in an automobile should sit still and say nothing, because any other course is fraught with danger. Interference by laying hold of an operating lever, or by exclamation, or even by direction or inquiry, is generally to be deprecated, as in the long run the greater safety lies in letting the driver alone."

If the claim of the defendant as sustained by the trial court was the law, we should have this illogical result: a driver of an automobile by constantly displaying his incompetence in driving would be likely to create such a state of mind in persons invited to ride with him, that the driver's liability for negligent driving in a specific accident would ordinarily be deemed not actionable because of the contributory negligence of anyone accepting an invitation to ride with him with knowledge of his incompetence. It is obvious, therefore, that the court erroneously charged the jury in the above excerpt from the charge.

There were other claimed errors in the charge. The court, at the outset of its charge, stated as follows: "To summarize, briefly, this statement of the plaintiff's case, I may say that this action is brought by the plaintiff to recover damages which he claims to have sustained by reason of the negligence of the defendant in the operation of an automobile in which the plaintiff was riding as a guest of the defendant. If you find

that the plaintiff was riding in said automobile as the guest of the defendant, and while he was thus riding as the invited guest of the defendant, and while he was thus riding the automobile was in the entire control and management of the defendant, and *that the plaintiff himself was in the exercise of reasonable care in accepting the invitation of the defendant and in placing himself in the defendant's automobile and riding with him as his guest, under all of the circumstances of the case,* and that the defendant negligently operated the automobile, and that such negligence was the proximate cause of the injuries which the plaintiff sustained, then the plaintiff is entitled to recover."

This statement was followed by the direction to the jury that the plaintiff had the burden of proving all the material allegations of his complaint. In the above excerpt from the charge the jury were told, in substance, that it was a material allegation of the plaintiff's case "that the plaintiff . . . was in the exercise of reasonable care in accepting the invitation of the defendant and in placing himself in the defendant's automobile and riding with him as his guest." We have already shown that this is not the law.

There underlies the charge of the court and the claim of the defendant, a misconception or misapplication of our holding in the case of *Dickerson* v. *Connecticut Co., supra.* We say in that case, on page 90, that "the guest on entering the automobile takes it and the driver as they then are, and accepts the dangers incident to that mode of conveyance."

This excerpt from the opinion in that case was deemed by the defendant and the trial court, to include, as a danger accepted (assumed) as incident to riding in an automobile as a guest, the plaintiff's knowledge or belief in the driver's incompetency and the consequent possibility of his driving negligently,

Marks *v.* Dorkin.

and hence that an invited guest with such knowledge who accepted an invitation to ride was guilty of contributory negligence if he was injured by the negligent driving of the defendant. As we have said, *supra,* there can be no contributory negligence or assumption of risk arising on the part of an invited guest from his mere knowledge that the driver on former occasions has so driven his automobile as to indicate that he is likely to drive recklessly.

It was clearly erroneous for the court to treat the question of the plaintiff's exercise of due care as determined by his state of mind as to the competence of the driver of the car. The plaintiff also claims error in the refusal of the court to charge as requested. The plaintiff's first request to charge obviously should have been granted.

In the rulings upon the admission of evidence, we find no harmful errors.

As to the eleventh and twelfth reasons of appeal, the record discloses arguments by counsel for the defendant that were improper and a sufficient ground for ordering a new trial had the record disclosed that these grounds of error were harmful. As to the denial of the plaintiff's motion to set aside the verdict as contrary to the law and the evidence, we are satisfied that the motion should have been granted because the whole evidence discloses that the jury could not reasonably have found otherwise than that the defendant was negligent as alleged and that the plaintiff exercised reasonable care in his conduct in relation to the defendant's negligent driving.

There is error, the Superior Court is directed to set aside the judgment, and a new trial is ordered.

In this opinion the other judges concurred.