WILLIAM E. TRACY, ADMINISTRATOR, *vs.* ELLA WELCH, ADMINISTRATRIX.

JAMES H. RILEY, SR., ADMINISTRATOR, *vs.* ELLA WELCH, ADMINISTRATRIX.

First Judicial District, Hartford, March Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued March 7th—decided April 17th, 1929.

*Edwin M. Ryan,* for the appellant (plaintiff William E. Tracy, administrator).

*S. Polk Waskowitz* and *Edward S. Pomeranz,* for the appellant (plaintiff James H. Riley, administrator).

*Edward J. Myers,* for the appellee (defendant).

MALTBIE, J.   In these two actions, tried together, the court has found the following facts: On March 28th, 1927, at about 3.30 a.m., the intestates of the two plaintiffs and the defendant's intestate were riding in an automobile owned by the latter, which was proceeding northerly upon the Cheshire turnpike. The automobile left the paved portion of the highway, struck the fence at the side of the road and a telegraph pole and all three men were hurled from it and

instantly killed. No one saw the accident. The trial court has found that the automobile was being driven at the time of the accident by the defendant's intestate; that it was proceeding and for three quarters of a mile before had been proceeding at a speed of about sixty miles per hour; that it was being driven negligently, carelessly, recklessly and at a dangerous rate of speed; that this negligence was "the proximate cause" of the accident; that it is not known how the occupants of the car other than the defendant's intestate were seated; and that there was no evidence that plaintiffs' intestates were free from contributory negligence. The court stated as its conclusions that there was "no proof" that the plaintiffs' intestates were free from contributory negligence, that the defendant's intestate was guilty of negligence which was "a proximate cause" of the death of plaintiffs' intestates and that there is no presumption which will take the place of evidence that they were in the exercise of due care. Both the plaintiffs have appealed.

In view of the whole finding we cannot read the statement that the negligence of the defendant's intestate was "the proximate cause" of the death of plaintiffs' intestates as relegating any contributory negligence on their part to a secondary position, but we interpret it as meaning no more than is expressly stated in the conclusion, that such negligence was "a proximate cause" of those deaths.

The plaintiffs seek to have the finding that it was not known how the plaintiffs' intestates were seated in the car stricken out and to substitute a statement that Riley was riding upon the front seat and Sheehy in the rear; but while some inferences might be drawn from the circumstances of the accident tending to support the plaintiffs' claim and two witnesses gave their

opinion that Sheehy was sitting upon the rear seat,
no such compelling weight can be given to these cir-
cumstances or opinions that we can hold that the trial
court should have so found. The other changes sought
consist of the effort to substitute in place of the court's
finding that there was no evidence that the plaintiffs'
intestates were free from contributory negligence cer-
tain paragraphs in the plaintiffs' draft-finding as fol-
lows: (twenty-two) that a short time before the
accident another automobile passed the one in which
they were riding and that there was no noise or shout-
ing in the latter; (twenty-three) that the accident
occurred on a straight highway, with no intersecting
highways near, and that there were no dangers that
would call for extraordinary watchfulness on the part
of the occupants of the car, or that required them to
look out for threatening or possible dangers; and
(twenty-four) that the plaintiffs' intestates were not
guilty of contributory negligence which materially or
essentially contributed to the accident. The state-
ment contained in paragraph twenty-two was testified
to by an apparently credible witness, was undisputed
and should be added to the finding. The statement in
paragraph twenty-three that the accident occurred
upon a straight highway is shown to be true by the
Exhibits in evidence, at least as regards a distance of
seventeen hundred feet north of the scene of the acci-
dent, and this fact should also be added; but the
other statements in this paragraph do not seem to be
supported by any evidence. The effort to substitute
a finding that the plaintiffs' intestates were not guilty
of contributory negligence for the one made by the
court, that there was no evidence that they were in
the exercise of due care, presents the crux of the case.

As we have repeatedly pointed out, the duty which
rests upon a guest in an automobile to exercise rea-

sonable care is a very limited one and he need ordinarily give no heed to the manner in which the car is being operated; but when he knows that the driver is operating it negligently or his negligent conduct is so apparent that he ought to have known it, then the duty to exercise reasonable care resting upon him may require action upon his part. *Clarke* v. *Connecticut Co.,* 83 Conn. 219, 223, 76 Atl. 523; *Duffy* v. *Bishop Co.,* 99 Conn. 573, 578, 122 Atl. 121; *Marks* v. *Dorkin,* 105 Conn. 521, 136 Atl. 83. The court has found that at the time of the accident and for at least three quarters of a mile before reaching the place of the accident the automobile had been traveling about sixty miles an hour. It has found the circumstances surrounding the automobile when leaving and after it had left the cement portion of the highway. It has also found that the automobile was being driven negligently, carelessly and recklessly and at a dangerous rate of speed. That it was being driven negligently, carelessly and recklessly we regard as a conclusion drawn from the speed of the automobile and the facts surrounding it when it left, and after it left, the cement portion of the highway. One of the grounds upon which the conclusion of negligence was based by the trial court was thus the dangerous speed at which the automobile was being driven. If the plaintiffs' intestates appreciated that the speed of the car was negligent or ought to have appreciated that fact, it was incumbent upon them to use such means as an ordinarily prudent person would, at least by warning, protest, persuasion and the like, to induce the driver to decrease it, and if they did or said nothing but acquiesced in it, or still more if they encouraged it, they might be held guilty of contributory negligence. *Thorp* v. *Boston Elevated Ry. Co.,* 259 Mass. 415, 418, 156 N. E. 748; *Wagenbauer* v. *Schwinn,* 285 Pa. St. 128, 130, 131 Atl. 699;

*State* v. *Phillinger,* 142 Md. 365, 372, 120 Atl. 878; *Harding* v. *Jesse,* 189 Wis. 652, 207 N. W. 706; *Naglo* v. *Jones,* 115 Kan. 140, 222 Pac. 116; 1 Berry on Automobiles (6th Ed.) § 665. The fact that there was no noise in the car when it was passed by another some three quarters of a mile from the place of the accident would point certainly as directly to negligence on the part of the plaintiffs' intestates in acquiescing in the speed of the car as it would to the fact that they were then and continued to be in the exercise of due care; and that is equally true of the other circumstances of the accident, taken severally or together. This being so, no inference that the plaintiffs' intestates were in the exercise of reasonable care could be drawn and the trial court was right when it stated that there was no evidence that they were free from contributory negligence. That no presumption can be based upon the instinct of self-preservation has been expressly decided by this court in *Mullen* v. *Mohican Co.,* 97 Conn. 97, 100, 115 Atl. 685.

Plaintiffs rely largely upon *Ryan* v. *Bristol,* 63 Conn. 26, 27 Atl. 309, and *Weidlich* v. *New York, N. H. & H. R. Co.,* 93 Conn. 438, 106 Atl. 323. In the first of these cases a recovery was allowed for the death of a traveler on the highway who fell into a river by reason of a defective railing, though there was no witness to the accident. An excerpt from the opinion on page 36 will disclose a lack of resemblance in the facts of that case and the case before us: "The record does show," we say, "as we have seen, that there was some evidence before the jury relevant upon the question of contributory negligence; the evidence so shown we think made it the duty of the court to submit it to the jury for what it was worth on that point. And from the record we have no warrant for saying that there was no other relevant evidence on this point

than what the record discloses." In the *Weidlich* case the source of danger was a train approaching a railroad crossing, not visible to the occupants of the automobile in which the plaintiff's decedent was riding as a passenger until it was within about twenty feet of the crossing, so that there was little if any opportunity for him to appreciate the danger and to do anything to warn against it or safeguard himself; whereas in the case before us, the high speed at which the automobile was proceeding could not but be evident to the plaintiffs' intestates, unless they were asleep, and such a conclusion would rest upon nothing but the merest guess. So long as all the circumstances point as clearly toward the acquiescence of the plaintiffs' intestates in the high speed at which the car was going, as they do to the fact that they were in the exercise of reasonable care, we cannot hold the trial court in error in its conclusion that there was no proof that the plaintiffs' intestates were free from contributory negligence. "We have repeatedly held that the plaintiff, in actions of this kind, is bound to remove the issues of negligence, or contributory negligence, from the realm of speculation, and to establish facts supporting a logical basis for the inferences which he claims." *Simauskas* v. *Connecticut Co.*, 102 Conn. 61, 66, 127 Atl. 918. See also *Wright* v. *Boston & Maine Railroad*, 74 N. H. 128, 65 Atl. 687; *Babcock* v. *Fitchburg R. Co.*, 140 N. Y. 308, 35 N. E. 596; *Tyndale* v. *Old Colony R. Co.*, 156 Mass. 503, 505, 31 N. E. 655; *Grant* v. *Philadelphia, B. & W. R. Co.*, 215 Pa. St. 265, 64 Atl. 463.

There is no error.

In this opinion the other judges concurred.