[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises from a collision involving an ambulance and an automobile. On July 21, 1992, the plaintiff, Jeannette T. Simon, individually and on behalf of her deceased husband Marshall Simon, filed a six count complaint alleging negligent conduct on the part of the defendants, Fitzgerald Ambulance Service (Fitzgerald), the owner of the ambulance, William F. Barratt, the ambulance driver, and, Kevin O'Connor and Judith O'Connor, the CT Page 12952 driver and owner of the automobile, respectively. On January 31, 1994, the defendants Barratt and Fitzgerald filed an amended answer, which asserted a special defense of comparative negligence against Simon, and a counterclaim for apportionment of fault against Simon in her representative capacity as the executrix of her decedent husband's estate.
Simon's complaint alleges the following facts. On July 12, 1990, Simon was a passenger in front seat of an ambulance that was transporting her husband from St. Mary's Hospital in Waterbury to Yale New Haven Hospital. The ambulance was owned by Fitzgerald and driven by its employee and co-defendant Barratt. The ambulance proceeded to Yale New Haven Hospital by traveling eastbound on New Haven's Chapel Street with its siren sounding and lights flashing. While driving on this route, the ambulance faced a red light against it at the intersection of Chapel Street and Central Avenue. As the ambulance crossed the intersection against the red light, it collided with another vehicle which was crossing the intersection traveling southbound on Central Avenue.
During her deposition, Simon admitted to seeing the O'Connor's automobile as it approached the intersection. Simon also admitted that she failed to warn Barratt about the approaching automobile as the ambulance neared and entered the intersection. As a result of said admissions, the defendants, Fitzgerald and Barratt, amended their answer to add a special defense and a counterclaim.
The special defense and counterclaim contained in Barratt's and Fitzgerald's amended answer claims that Simon is contributorily negligent for her injuries, and those of her husband, because she failed to warn Fitzgerald and Barratt about an automobile approaching an intersection which Barratt, the ambulance driver, intended to cross against a red light. Simon now moves this court to strike said special defense and counterclaim.
On April 27, 1994, Simon filed a motion to strike Fitzgerald's and Barratt's special defense and counterclaim. The reason Simon specified for moving to strike the special defense was "that the facts as alleged are legally insufficient to give rise to a Special Defense, based on the negligence of the plaintiff. . . ." The reason Simon specified for moving to strike the counterclaim was "that the facts as alleged in said Counterclaim are legally insufficient to give rise to a cognizable Counterclaim under Connecticut law." Simon filed a memorandum of law in support of her motion; and, Barratt and Fitzgerald filed a memorandum of law CT Page 12953 in opposition.
It is well settled in Connecticut practice that "[e]ach motion to strike raising any of the claims of legal insufficiency . . . shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book § 154. "[A] motion to strike that does not specify the [reason or reasons] of insufficiency is fatally defective." (Internal quotation marks omitted.) Morris v.Hartford Courant Co., 200 Conn. 676, 683 n. 5, 513 A.2d 66 (1986).
"Practice Book § 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law . . . does not dispense with the requirement of § 154 that the reasons for the claimed pleading deficiency be specified in the motion itself."King v. Board of Education, 195 Conn. 90, 94 n. 4, 486 A.2d 1111
(1983). If the nonmovant, however, fails to object to the lack of specificity within the motion to strike, the court may still consider the motion despite its deficiency because Practice Book § 154 is not jurisdictional in nature. Bouchard v. People's Bank,219 Conn. 465, 468 n. 4, 594 A.2d 1 (1991).
Simon's motion to strike is deficient for failing to distinctly specify the reason or reasons for each claimed insufficiency. Fitzgerald and Barratt, however, failed to object to the form of Simon's motion to strike; therefore, the court may consider the motion as presented. Bouchard v. People's Bank, supra, 219 Conn. 468, n. 4.
When considering whether to grant or deny a motion to strike based upon the grounds specified, the "trial court must take the facts to be those as alleged in the [attacked pleading] . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (citations omitted.) Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). Moreover, the factual allegations of the pleading a party seeks to strike must; receive "the same favorable construction a trier would be required to give in admitting evidence under [the allegations], and if the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail." Mingachos v. CBS, Inc.,196 Conn. 91, 108-09, 491 A.2d 368 (1985). Hence, the court must assume the truth of the allegations asserted within Fitzgerald's and Barratt's special defense and counterclaim, and if any facts provable under these allegations would support the conclusion that Simon had a duty to warn Fitzgerald and Barratt about the CT Page 12954 approaching vehicle, then the motion to strike must fail. Id.
In her memorandum of law in support of her motion to strike, Simon argues that the special defense of contributory negligence should be stricken because, under Connecticut: law, the duty of a passenger to warn a driver about possible danger is limited to situations involving extreme and particularized circumstances. Simon contends that Fitzgerald and Barratt have failed to allege such extreme and particularized circumstances. Simon further argues that the counterclaim for apportionment should be stricken because, regardless of the limited duty of a passenger to warn a driver in order to protect herself or himself from danger's harm, under Connecticut law, there is no duty imposed upon a passenger to warn a driver in order to protect third persons.
Fitzgerald and Barratt argue that:, under certain circumstances, Connecticut law recognizes a duty upon a passenger to warn a driver about possible danger, and the special defense and counterclaim allege facts that, if proven, could persuade a jury to find a breach of such a duty on the part of Simon.
"It is important to distinguish between the existence of a duty and the violation of that duty." Shore v. Stonington,187 Conn. 147, 151, 444 A.2d 1379 (1982). The existence of a duty is a question of law to first be decided by the court under the applicable substantive law. Id., 151-52. "Only if such a duty is found to exist does the trier of fact then determine whether the [party] violated that duty in the particular situation at hand." Id.
Connecticut caselaw distinguishes between the duty of a passenger to exercise reasonable care for his or her own safety, and the duty of a passenger to exercise reasonable care for the safety of third persons. Dennison v. Klotz, 12 Conn. App. 570,578-583, 532 A.2d 1311 (1987), cert. denied 206 Conn. 803,535 A.2d 1317 (1988). Accordingly, Simon's motion to strike the special defense, which assert that Simon was contributorily negligent by breaching the standard of reasonable care for her own safety, and the counterclaim for apportionment of fault against Simon for the damages incurred by her decedent husband's estate, are analyzed separately.
I. SPECIAL DEFENSE OF CONTRIBUTORY NEGLIGENCE
Connecticut caselaw recognizes that to ensure his or her own CT Page 12955 safety, a passenger within a vehicle has a duty to act in the same manner as "a reasonable and ordinarily prudent person under similar circumstances." Caciopoli v. Acampora, 30 Conn. App. 327, 332,620 A.2d 191 (1993). Under this standard, courts are cautious to find that there exists a duty upon a passenger to warn a driver about the safe operation of the automobile, because, "[a] gratuitous passenger, in no matter what, vehicle, is not expected, ordinarily, to give advice or direction as to [the vehicle's] control and management. To do so might be harmful rather than helpful."Clarke v. Connecticut Co., 83 Conn. 219, 223, 76 A. 523 (1910);Boscarello v. New York, N.H. H.R. Co., 112 Conn. 279, 283,152 A. 61 (1930); Marks v. Dorkin, 105 Conn. 521, 525, 136 A. 83 (1927).
In unique situations, however, "Connecticut caselaw has recognized that, under extreme and particularized circumstances, there may be a very limited duty required of a passenger in an automobile . . . to warn the driver of [dangers] after their discovery." (Internal quotation marks omitted.) Dennison v. Klotz, supra, 12 Conn. App. 577-78. "These cases, however, involve only the duty of a passenger in an automobile to exercise reasonable care for her own safety." Id., 578. As our Supreme Court has stated, "[g]enerally a passenger in an automobile should sit still and say nothing, because any other course is fraught with danger. Interference by laying hold of an operating lever, or by exclamation, or even by direction or inquiry, is generally to be deprecated, as in the long run the greater safety lies in letting the driver alone." Marks v. Dorkin, supra, 105 Conn. 525.
Thus, with respect to a passenger's duty to warn the driver about possible dangers, the rule in Connecticut is that ordinarily there is no duty imposed upon a passenger to warn the driver; however, under extreme and particularized circumstances, such a duty may arise. Dennison v. Klotz, supra, 12 Conn. App. 577-78. Therefore, this court must determine whether Fitzgerald and Barratt have alleged facts demonstrating extreme and particularized circumstances that would impose upon Simon the duty to warn Barratt about the approaching vehicle.
Factual allegations that the Supreme Court has considered as extreme and particularized, and thus, have permitted the jury to consider whether an ordinary and prudent passenger would have warned the driver, include: where the passenger's presence in the vehicle may obstruct the driver's view of a car or other approaching vehicle; Clarke v. Connecticut Co., supra,83 Conn. 223-24; where the passenger "knows that the driver is operating CT Page 12956 [the vehicle] negligently or [the driver's] negligent conduct is so apparent that [the passenger] ought to have known it. . . .";Tracey v. Welch, 109 Conn. 144, 148, 145 A. 662 (1929);Boscarello v. New York, N.H. H.R. Co., supra, 112 Conn. 283;Duffy v. Bishop Co., 99 Conn. 573, 579, 122 A. 121 (1923); and, where the passenger knows about surrounding dangers and realizes that the dangers may very well go unnoticed by the driver.Boscarello v. New York, N.H. H.R. Co., supra, 284-85. Under these factual circumstances, our Supreme Court has held that a reasonable and ordinarily prudent passenger may indeed choose, to warn the driver about the danger, and thus, the question of whether the duty was performed, or breached, was a mixed question of fact and law that the jury had to decide. Clarke v.Connecticut Co., supra, 83 Conn. 223-24; Tracey v. Welch, supra,109 Conn. 148; Boscarello v. New York, N.H. H.R. Co., supra,112 Conn. 283; Duffy v. Bishop Co., supra, 99 Conn. 579.
In the present case, Fitzgerald and Barratt have failed to allege any facts within the special defense that demonstrate extreme and particularized circumstances. Barratt's and Fitzgerald's special defense, as set forth in their amended answer, states:
 1. At and before the time of the collision between the ambulance driven by the defendant Barratt and the automobile driven by the defendant Kevin O'Connor, the plaintiff Jeannette Simon was travelling as a passenger in the front seat of the ambulance.
 2. Immediately prior to the collision, Jeannette Simon saw the approaching vehicle driven by Kevin O'Connor, but failed to warn or advise William Barratt of its approach although she had a duty to do so.
 3. This failure to warn was negligent, and the plaintiff's negligence was a cause of the accident and of the injuries which she allegedly sustained therein.
 4. Wherefore, the defendants Barratt and Fitzgerald Ambulance request an apportionment of fault: between Barratt and Jeannette Simon with respect to her claims and with respect to the claims which she has brought on behalf of her decedent's estate.
The special defense merely alleges that Simon saw the CT Page 12957 automobile approach the intersection and failed to warn Barratt about its approach. The special defense did not allege that Simon's presence in the ambulance blocked Barratt's view of the approaching vehicle. Cf. Clarke v. Connecticut Co., supra,83 Conn. 223-24. Nor did the special defense allege that Simon knew or ought to have known that the ambulance was being driven negligently. Cf. Tracey v. Welch, supra, 109 Conn. 144. While speeding and proceeding through a red light would put a passenger on notice that an ordinary vehicle was being driven negligently, an ambulance is not an ordinary vehicle. General Statutes § 14-283
sets forth the special privileges enjoyed by an emergency vehicle, and it provides in pertinent part that an ambulance is authorized to speed, proceed through stop signs and red lights, and, drive on the wrong side of the road. C.G.S. § 14-283(b) (2-4). Therefore, the special defense failed to set forth any allegations that Simon knew or ought to have known that Barratt was driving the ambulance negligently.
Finally, the special defense does not allege that Simon knew of some danger that could possibly have gone unnoticed by Barratt and Fitzgerald. Cf. Boscarello v. New York, N.H. H.R. Co., supra, 112 Conn. 279. On the contrary, even though the Connecticut legislature has authorized ambulances to proceed through red lights, that authority is conditioned upon the ambulance driver "slowing down or stopping to the extent necessary for the safe operation of such vehicle. . . ."; C.G.S. § 14-283(b). Furthermore, while the legislature has provided ambulance drivers with the authority to proceed through red lights, such authority is subject to the ambulance driver's "duty to drive with due regard for the safety of all persons and property." C.G.S. § 14-283(d);Tetro v. Stamford, 189 Conn. 601, 610, 458 A.2d 5 (1983). The "[p]robability of injury by one to the legally protected interests of another is the basis for the laws creation of a duty to avoid such injury." Mahoney v. Beatman, 110 Conn. 184, 188, 147 A. 762
(1929). Thus, the legislature has imposed a duty upon Barratt to ensure that it is safe for all concerned before he proceeds through a red light. See C.G.S. § 14-283(d).
Therefore, Simon's motion to strike the special defense is granted, because, the special defense fails to allege any facts that demonstrate extreme and particularized circumstances that would impose upon Simon a duty to warn the ambulance driver Barratt about the approaching automobile.
II. COUNTERCLAIM FOR APPORTIONMENT[1]
CT Page 12958
The negligent conduct of a plaintiff automobile passenger may limit or bar the plaintiff passenger's recovery against a defendant driver under the theory of contributory negligence. Dennison v.Klotz, supra, 12 Conn. App. 577-78. The same negligent conduct, however, may not be sufficient to find the passenger liable to third parties injured by the automobile under the theory of negligence. Id. "The reason for distinguishing between passenger conduct which may affect recovery by the plaintiff passenger, and passenger conduct sought to be used as a basis for liability to other persons, has been variously stated. In Olson v. Ische, [343 N.W.2d 284, 288 (Minn 1984)], the Supreme Court of Minnesota explained:
 A passenger has, of course, a legal duty to use care for his own safety, and his contributory negligence will bar or diminish his own claim. He may also have a moral duty owed to others not to encourage the driver to drive when he should not be driving. But to impose a legal duty on the passenger which makes him liable to others on the highway for what the driver himself chooses to do, seems to us, as a general proposition, inappropriate. Such a rule assumes, incorrectly, that: a passenger somehow shares in the management of the motor vehicle, and it further assumes the driver is amenable to the passenger's influence.
Likewise, in distinguishing between these two rules of law, the Supreme Court of Wisconsin reasoned:
 A person may well be content to trust his own safety to a driver, and yet not be willing to indemnify third persons who may suffer through his negligence. He may say, so far as I am concerned his negligence is my negligence, but I do not agree to become responsible to others for his negligence. To extend the doctrine to that degree would make a guest in a private conveyance an insurer of third persons against the negligence of the driver. Instead of being invested with the liabilities of a guest he would shoulder those of a master.
 Reiter v. Grober, [173 Wis. 493, 495, 181 N.W. 739 (1921)."
Dennison v. Klotz, supra, 12 Conn. App. 579-80.
Thus, "in the absence of an allegation of facts showing a special relationship between the parties or between the defendant CT Page 12959 and the driver, or in the absence of an allegation of facts showing that the driver and the defendant were engaged in a joint enterprise, inaction by a defendant passenger does not give rise to liability to a fellow passenger or other third party injured by the driver's conduct. Id., 582-83; see also 2 Restatement (Second), Torts § 315, comment (b). Indeed, "[i]f liability to an injured third party attached to the inaction of a passenger, [there is no reason] not to extend similar liability to third parties, such as witnesses and bystanders, who were or should have been aware of the danger posed by the driver's conduct but failed to take preventive action." Id.
Fitzgerald's and Barratt's counterclaim states:
 1. At and before the time of the collision between the ambulance driven by the defendant Barratt and the automobile driven by the defendant Kevin O'Connor, the plaintiff Jeannette Simon was travelling as a passenger in the front seat of the ambulance.
 2. Immediately prior to the collision, Jeannette Simon saw the approaching vehicle driven by Kevin O'Connor, but failed to warn or advise William Barratt of its approach although she had a duty to do so.
 3. This failure to warn was negligent, and the plaintiff's negligence was a cause of the accident and of the injuries which her decedent allegedly sustained therein, including his death which the plaintiff has attributed to the accident.
 4. Wherefore, the defendants Barratt and Fitzgerald Ambulance request an apportionment of fault between themselves and Jeannette Simon with respect to the claims which she has brought against them on behalf of her decedent's estate.
Fitzgerald's and Barratt's counterclaim fails to allege any facts that show that Simon and Barratt were engaged in a joint enterprise; or facts that show any special relationship between Simon and the decedent that would legally require Simon to act on the decedent's behalf; or any facts that show any special relationship between Simon and Barratt. Dennison v. Klotz, supra,12 Conn. App. 582-83. Therefore, Simon's motion to strike the counterclaim for apportionment is granted. CT Page 12960