[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S SPECIAL DEFENSES
The plaintiff has brought this action for serious and ultimately fatal injuries suffered by her decedent allegedly caused by the corporate defendant. Specifically, the plaintiff claims the injuries and death of the decedent were caused by the defendant's negligence and carelessness in allowing a large pile of earth to remain in close proximity to a public highway ramp. It is alleged that the plaintiff's decedent was a passenger in an automobile which was propelled into the air, overturned and crashed after it was accidentally driven against the pile of earth.
The defendant filed certain special defenses to the complaint and the plaintiff has moved this court to strike them as they are legally insufficient under Connecticut law. CT Page 16452
The function of a motion to strike is to test the legal sufficiency of the pleading. R.K. Constructors vs. Fusco Corp.,231 Conn. 381 (1994). A motion to strike admits all the facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos vs. CBS, Inc. 196 Conn. 91 (1985).
In its special defenses, the defendant alleges that the injuries and damages sustained by the plaintiff's decedent were proximately caused by her own negligence in that she voluntarily rode in an automobile operated by a person who she knew or should have known was incapable of operation of the vehicle for the reason that she was "an impaired driver."
In her memorandum of law the plaintiff notes that a special defense of contributory negligence is vulnerable to a motion to strike unless it alleges sufficient facts from which the essential elements of contributory negligence may be reasonably inferred. Tempe vs. Giacco 37 Conn. Sup. 120, 121 (1981).
In its brief in opposition, the defendant maintains that the facts alleged in the special defenses do just that.
Both parties note that under normal circumstances "a gratuitous passenger in no matter what vehicle is not expected, ordinarily, to give advise or direction as to its control and management." Clark vs. Connecticut Co. 83 Conn. 219 (1910).
Both sides cite the language of Dennison vs Klotz12 Conn. App. 570 (1985) wherein the court held that under "extreme and particularized circumstances there may be a very limited duty required of a passenger in an automobile to look out for threatened or possible dangers, and to warn the driver of such after their discovery."
The defendant claims that such "extreme and particularized circumstances" exist in this case. The defendant alleges that the plaintiff's decedent got into a car with a driver she knew or should have known to be impaired; that she failed to assume responsibility for the operation of the motor vehicle; that she failed to pay proper attention as to where the operator was going and/or to the conditions then and there existing; that she allowed the driver to operate at an unsafe speed; that she allowed the operator to drive the vehicle on the wrong side of CT Page 16453 the highway (traveling north in a southbound lane); than she allowed the vehicle to operate without sufficient visibility; that she failed to warn the operator to turn to avoid striking a pile of dirt; that she allowed the operator to operate with inadequate or defective headlights; and that she failed to insist that the operator stop when it was apparent that she could not operate the vehicle safely.
The court finds that the defendant has alleged facts sufficient to demonstrate, if proven, the "extreme and particularized circumstances" contemplated in Dennison.
In Simon vs. Barratt, Super. Ct. J.D. New Haven at New Haven, Docket No. CV92 0335424, December 5, 1994 (Zoarski, J.), the court found that "factual allegations that the Supreme Court has considered as extreme and particularized, and thus have permitted the jury to consider whether an ordinary and prudent passenger would have warned the driver include . . . where the passenger knows the driver is operating [the vehicle] negligently or [the driver's] negligent conduct is so apparent that [the passenger] ought to have known it . . ."; Tracey v. Welch, 109 Conn. 144, 148
(1929); and where the passenger knows about surrounding dangers and realizes that the dangers may very well go unnoticed by the driver. Boscarello v. New York, N.H. H.R. Co. 112 Conn. 283
The court finds that the defendant's special defenses herein are legally sufficient as enumerated by the Supreme Court in the Clark case and its progeny.
For the foregoing reasons, the plaintiff's motion to strike the special defenses is denied.
By the court,
Joseph W. Doherty, Judge