Argued March 30, affirmed May 24, 1921.

# ROOK *v.* SCHULTZ.

(198 Pac. 234.)

**Master and Servant—Vehicle Negligently Driven Presumed Used for Owner's Purposes.**

1. In an action by a volunteer who was riding on defendant's motor-truck and assisting the driver to distribute milk, there is a presumption that the vehicle was being used for defendant's purposes at the time of the injury to the volunteer, who was thrown therefrom when it turned a corner.

**Master and Servant—Volunteer may Recover on General Principles of Negligence.**

2. While a volunteer assisting the driver of a motor-truck may not recover on the basis of service, he yet may be entitled to the exercise of that degree of care owing to persons rightfully on employer's premises, and base a recovery on general principles of negligence, so that, where the volunteer places himself in a position of danger, even negligently, the employer is liable if the injury could have been avoided by the exercise of ordinary care on his part or that of the driver.

**Negligence—Question of Fact.**

3. The question of negligence is one of fact.

**Negligence—Negligence as to Volunteer Assisting Motor-truck Driver Held Question for Jury.**

4. Where plaintiff, a boy of 14, acting as a volunteer, undertook to assist the driver of a milk truck in making delivery, and for that purpose rode on the running-board, the question whether defendant is liable for an injury resulting when the boy was thrown from the truck on the turning of an intersection, it being asserted that the truck was operated at a negligent speed and a sudden turn made without warning, *held*, under the evidence, for the jury.

## From Multnomah: WILLIAM N. GATENS, Judge.

---

1. Making *prima facie* case of responsibility for negligence of driver of automobile by proof of defendant's ownership of car or employment of driver, see notes in 46 L. R. A. (N. S.) 1091, and L. R. A. 1918D, 924.

2. Liability of master to person volunteering to assist servant, see notes in 22 Am. St. Rep. 463; Ann. Cas. 1913C, 796.

4. Negligence of driver of automobile as imputable to occupant or guest, see notes in 19 Ann. Cas. 1225; Ann. Cas. 1913B, 684; Ann. Cas. 1915B, 769; Ann. Cas. 1916E, 268; Ann. Cas. 1918B, 841; Ann. Cas. 1918C, 961.

Department 1.

It is alleged in the complaint and admitted by the answer that the defendants are partners engaged in maintaining and operating a dairy plant under an assumed trade name, using in their business a number of vehicles propelled by gasoline; that they hire help for the purpose of operating them; and that on July 13, 1918, the plaintiff was riding on one of those vehicles and assisting the driver in distributing milk. It is further charged in the complaint, but denied by the answer, that on the date mentioned, while the plaintiff was riding on the motor truck he was thrown therefrom, receiving certain injuries which he described; and that the defendant knew he was so riding and assisting the driver thereon.    The charges of negligence imputed to the defendants are as follows:

"That said defendants carelessly and negligently permitted and allowed said Antone Rook to ride on the running-board of its said motor-truck;

"That said defendants carelessly and negligently operated the said motor-truck at a high and dangerous rate of speed, while said Antone Rook was riding on said running-board;

"That said defendants carelessly and negligently on said thirteenth day of July, 1918, turned at the intersection of Michigan and Shaver Streets, at a high and dangerous rate of speed, while said Antone Rook was riding on said running-board, thereby throwing him therefrom;

"That said defendants carelessly and negligently failed to warn and advise said Antone Rook of their intention to suddenly and unexpectedly turn at said intersection of Michigan and Shaver Streets."

The injuries mentioned are denied by the answer. That pleading affirmatively states that on July 13, 1918, the plaintiff, who is of the age of about fourteen years, was riding on one of the defendant's

motor vehicles without their knowledge or consent, and as a volunteer was assisting the driver in delivering milk, without any authority emanating from the defendants. Contributory negligence is imputed to the plaintiff in that he failed to hold on to any part of the vehicle, released his hold upon it which he had theretofore maintained, and carelessly and negligently attempted to alight therefrom while it was moving, that being the cause of his hurt. This, in turn, is traversed by the reply.

The errors assigned are predicated on the refusal of the court to grant a motion for nonsuit at the close of the plaintiff's case, refusal to direct a verdict in favor of the defendants at the close of all the evidence, and upon giving the following instruction:

"If you find the evidence in this case that the defendants were careless and negligent, in that they permitted plaintiff to ride on the running-board of their motor-truck, or they operated their motor-truck at a high and dangerous rate of speed, and that as a direct and proximate result of such negligence, without negligence on the part of the plaintiff, plaintiff was injured, in that event your verdict should be for the plaintiff, if the accident was not a pure accident and plaintiff was not guilty of contributory negligence. Of course that takes into consideration the fact that they knew he was riding on the truck."

AFFIRMED.

For appellants there was a brief over the name of *Messrs. Veazie, McCourt & Veazie,* with an oral argument by *Mr. J. C. Veazie.*

For respondent there was a brief over the name of *Messrs. Davis & Farrell,* with an oral argument by *Mr. W. E. Farrell.*

BURNETT, C. J.—1. For the purposes of this case we take the defendants at their own classification of the plaintiff as a volunteer, assisting their employee who was in charge of the vehicle in the distribution of milk which the defendants were selling. The case presented is one of the infliction of an injury by the management of the defendants' vehicle. As to the responsibility of the defendants, it is settled in *West* v. *Kern*, 88 Or. 247 (171 Pac. 413, 1050, L. R. A. 1917D, 920), that where a plaintiff proves that the vehicle which caused his injury belonged to the defendant, a *prima facie* case is made, since the jury may infer that at the time of the accident the vehicle was being used for the defendants' purposes. The presumption mentioned is here a platitude, for the ownership of the vehicle and its management by the servant of the defendants are admitted in the pleadings. It may be conceded, without deciding, that a volunteer takes the instrumentality of the services in which he engages, as he finds them, and the owner is not bound as to his own servant to furnish a reasonably safe place in which to work, and reasonably safe appliances for the service. But the condition of the appliance and the manner of its operation are two different things. The issue here is about the latter of this twain.

2. What, then, was the duty of the defendants towards the volunteer? It is thus stated in 18 R. C. L., page 579:

"But while a volunteer may not recover on the basis of service, he yet may be entitled to the exercise of that degree of care owed to persons rightfully on the premises of the employer, and may found his right of recovery on the general principles of negligence."

The doctrine is thus announced in *Evarts* v. *St. Paul etc. Ry. Co.*, 56 Minn. 141 (57 N. W. 459, 45 Am. St. Rep. 460, 22 L. R. A. 663) :

"But if, after discovering that such volunteer has placed himself in a position of danger, even through his own negligence, the servants fail to exercise reasonable care to avert the danger, the master will be liable. This liability does not rest on any contract obligation, but on the general duty not to inflict a wanton or willful injury on another. As respects this duty, a volunteer cannot occupy a less favorable position than a trespasser."

It is also said in *Cerrano* v. *Portland Ry., L. & P. Co.*, 62 Or. 421, 427 (126 Pac. 37, 9 Negligence & Compensation Cases, Ann. 634) :

"It is a culpable wrong to hurt one who has placed himself in a position of danger even negligently, if the injury can be avoided by the exercise of ordinary care, when the peril becomes apparent to the party conducting the instrument of danger."

3, 4. The question of negligence is one of fact: *Palmer* v. *Portland Ry., L. & P. Co.*, 56 Or. 262 (108 Pac. 211, 59 Am. & Eng. Ry. Cas. (N. S.) 68). The driver in charge of the vehicle, the *alter ego* of the defendants, without controversy knew that the plaintiff was riding on the running-board and that he was assisting in delivering the milk, in doing which he held on with one hand and reached for milk bottles with the other. In substance, the charge of negligence is that the truck was operated at a high and dangerous rate of speed while the plaintiff was on the running-board, and that it made a sudden turn from one street into a cross-street without warning to the plaintiff of the driver's intention so to do, with the result that the plaintiff was thrown off as by centrifugal force. Whether this was the ordinary care due to anyone in the situation of the plaintiff,

and whether that situation was one of danger known to the agent of the defendant in time to avert the peril, were questions of fact proper to be submitted to the jury. The instruction complained of is not at variance with the principles announced. The judgment is affirmed.    AFFIRMED.

McBRIDE, BEAN and HARRIS, JJ., concur.