Kinley *v.* Hines.

MILDRED KINLEY, P. P. A. *vs.* ROBERT·HINES ET AL

First Judicial District, Hartford, March Term, 1927.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

It is not essential in all cases of concurrent negligence that there should be concert of action between two defendants in causing an injury, or a violation of some common duty resting upon them, in order to render them liable as joint wrongdoers. If the negligence of each in part directly caused the injury, both may be held responsible.

The contributory negligence of the plaintiff in such a case may absolve each of the defendants from liability.

The mere fact that when the plaintiff was injured, she was riding with five other adults on the rear seat of an automobile operated by one of the defendants, while the driver and two others occupied the front seat, would not have justified the jury in concluding that she was guilty of contributory negligence in the absence of evidence that she had boarded the car after the others had entered, or that her position in some way influenced the operation or control of the car or materially and essentially contributed as a proximate cause of its collision with another car which was driven by the other defendant and was approaching from the opposite direction; and, therefore, the trial court's charge to the jury that they might find that her conduct constituted contributory negligence was erroneous.

Argued March 1st—decided April 11th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by the defendants' negligence, brought to the Superior Court in Middlesex County and tried to the jury before *Nickerson, J.;* verdict and judgment for the plaintiff to recover $16,125 from the defendant Elmer Johnson only, from which she appealed. *Error; new trial ordered as to Hines.*

*Cornelius J. Danaher,* for the appellant (plaintiff).

Kinley v. Hines.

*James W. Carpenter*, for the appellee (defendant Robert Hines).

CURTIS, J. The plaintiff offered evidence to prove: Defendant Hines, on October 7th, 1923, at about 9 p.m., was operating, on a State highway in East Hampton, a five-passenger open touring automobile, in which were two adults occupying the front seat with Hines, and six adults occupying the rear seat, one of whom was the plaintiff, who was a guest in the car, and sat upon the lap of one of the young men on the rear seat. The side curtains were all down, completely enclosing the car. The night was dark and Hines was unfamiliar with the road. The presence of the two persons in the front seat with Hines hampered him in, and prevented him from, exercising control of the car. He could not see his speedometer because it was located on the right-hand side of his car and he could not tell by looking at the speedometer how fast his car was traveling. Shortly before the collision between the car driven by defendant Johnson and that driven by Hines, the plaintiff spoke to Hines about the speed of his car, and told him a car was approaching. The approaching car from the opposite direction was owned and operated by defendant Johnson, who was then under the influence of intoxicating liquor.

The two cars collided in the center of the highway. At this time Hines was operating his car at a speed of forty-five miles an hour. As a result of the collision the plaintiff was very severely injured. The collision was due to the negligence of both Hines and Johnson in operating the automobile controlled by each recklessly and at a rate of speed greater than was reasonable and proper for the use, width and traffic of this highway at that time and place and in a manner so as to endanger the life and limb of the plaintiff.

Kinley *v.* Hines.

The defendant Hines offered evidence to prove he was an experienced driver, and just preceding the collision was keeping a careful lookout, and had his car under control, with its headlights burning brightly, so that he had a good view of the road ahead. The country thereabout was sparsely settled. He was traveling at about twenty-five miles an hour. The two persons on the seat with him did not interfere with his ability and opportunity to drive carefully. As Johnson's car approached it was traveling between forty and fifty miles an hour. The highway at this point was about twenty feet wide. Hines was driving on his right-hand side of the highway, with his left wheels approximately six feet from the right edge of the highway, and while he was so driving Johnson's car turned toward Hines' car and struck it with terrific force upon its left side. As Johnson's car turned toward Hines' car, the two cars were so close that Hines had no opportunity to apply his brakes or turn aside to avoid the collision. The cause of the accident was the reckless driving of Johnson while in an intoxicated condition, at an excessively high rate of speed, and in negligently turning suddenly to the wrong side of the road and running into the Hines car. At the time of the collision Hines was driving in a careful manner and his negligence in no way contributed to the accident. Johnson got out of his car after the collision and ran away. He was later found by the police and placed under arrest. He did not file an answer nor present any defense in this action. He was present at the trial and testified as a witness in behalf of the plaintiff.

The court instructed the jury, in substance, that they might find the plaintiff guilty of contributory negligence, because of her entry into the car with eight adults, and her presence in the car under the admitted

circumstances, if they found her conduct in these particulars such as a reasonably prudent person would not have performed. In her appeal the plaintiff claims that the court erred in its charge to the jury and in particular in its charge as to contributory negligence.

The complaint and the offers of proof disclose that this is an action for injuries caused by a collision of two automobiles, in which the negligence of the operator of each car is alleged to have been a proximate and direct cause of the collision. If such facts are proved there is no question that each operator of the respective cars would be liable. We held, in substance, in *Carstensen* v. *Stratford*, 67 Conn. 428, 436, 35 Atl. 276, that it is not essential in all cases that there should be concert of action between two defendants in causing an injury, or a violation of some common duty resting upon them, in order to render them liable as joint wrongdoers. If the negligence of each in part directly caused the injury, both may be held responsible.

The court's presentation of plaintiff's having boarded the Hines' car with eight adults already in the car as circumstances from which the jury might have found her guilty of contributory negligence was not justified, for the reason that there is nothing in the record to indicate that the plaintiff boarded the car after the others had entered, nor anything to indicate that her being on the rear seat had anything to do with the operation or control of the car, much less that it materially or essentially contributed as a proximate cause of the collision and her injury.

The contributory negligence of the plaintiff in such a case may absolve each defendant from liability. Among the facts as to which the court found that there was evidence offered to prove, there is no finding that either the plaintiff or Hines offered to prove

facts from which it could be reasonably found that the plaintiff was guilty of contributory negligence. All that appears as to her conduct are the undisputed facts that there were nine adults in the Hines car and that she sat in the lap of a young man on the rear seat, on which were four other adults. From these bare facts it would be mere speculation for the jury to find that the plaintiff was guilty of contributory negligence in entering the car.

The court in its charge presented the question of the plaintiff's contributory negligence as one essential for the jury to pass upon in relation to the liability of the defendant Hines. As the jury found the issues for Hines, it is impossible to say they did not so find because they found that the plaintiff was guilty of contributory negligence as to him. Under the state of the record, the charge given on this subject was clearly erroneous. *Clarke* v. *Connecticut Co.*, 83 Conn. 219, 76 Atl. 523; *Marks* v. *Dorkin*, 105 Conn. 521, 525, 136 Atl. 83.

There is error, the judgment in favor of Hines is set aside and a new trial is ordered as to him.

In this opinion the other judges concurred.