Argued February 2, affirmed February 21, 1928.

## J. M. PETERS *v.* C. E. JOHNSON ET AL.

## J. M. PETERS, GUARDIAN, *v.* C. E. JOHNSON ET AL.

(264 Pac. 459.)

**Negligence—Boy Riding on Defendants' Truck, With Driver's Consent, and Helping With Deliveries, was "Invitee," and Defendants must Exercise Due Care to Avoid Injuring Him.**

1. Boy who was riding on defendants' truck, with driver's knowledge and consent, and had been helping to make deliveries, was an invitee, not bare licensee, and defendants were obliged to exercise due care to avoid injuring him.

**Infants—Father, as Guardian for Minor, Could Sue for Minor's Injuries (Or. L., § 34).**

2. Under Section 34, Or. L., action for minor's injuries could be brought by father as guardian for minor.

**Parties—Claim Guardian had not Capacity to Sue for Minor's Injuries was Waived, Where Demurrer Pointing Out Specific Objection was not Made.**

3. Claim that father, as guardian of minor, did not have capacity to bring an action for minor's injuries was waived, where no demurrer was made pointing out specific objection, and alleged lack of capacity appeared on face of complaint.

---

1. Distinction between licensee and invitee, see note in **Ann. Cas.** 1913C, 570. Master's liability for injury to child whom servant permits to ride on vehicle, see note in 24 **A. L. R.** 670.

Municipal Corporations—Whether Defendants' Truck Driver's Negligence had Come to Complete End, and Co-defendants had Last Opportunity of Avoiding Injuries to Boy on Defendants' Truck, Held for Jury.

4. In actions for injuries to boy riding on defendants' truck, sustained when co-defendants' truck struck defendants' truck while defendants' driver was turning truck on street, question whether defendants' negligence, if any, had come to complete end, and co-defendants' truck driver had last opportunity of avoiding injuries to boy, so that injuries were caused by co-defendants' negligence, *held* question for jury.

Municipal Corporations—Negligence—Complaint for Injuries to Occupant in Automobile Collision Held to Allege Concurrent Negligence of Defendants, Though not Using Word "Concurrent."

5. Complaint, in action for injuries to. boy riding on ·truck, when another truck collided therewith, alleging that, by reason of collision, and by reason of negligence and acts of defendants as set forth in operating and driving their respective trucks, and thus throwing and pitching plaintiff to hard pavement, plaintiff was severely injured, *held* to sufficiently allege concurrent negligence of defendants, since failure to use words such as "concurrent" or "simultaneous" in referring to negligence of defendants pertains to form rather than substance.

Negligence—Truck Driver Turning on Street, Looking Before Starting Truck, and Informed by Boy Injured on Truck That Way was Clear, had Duty to Exercise Due Care While Vehicle was in Motion.

6. Although boy, injured while riding on defendants' truck when collision occurred with another truck, while defendants' truck was being turned on street, informed driver that right of way was clear to rear, and although driver also looked before starting truck, he was not relieved from duty to exercise due care while vehicle was in motion.

Municipal Corporations—Truck Driver's Failure to Give Signal When Backing, Required by Statute, was "Negligence Per Se" (Or. L., § 4773, subd. 10).

7. Failure of truck driver, turning on street, to give signal required by Section 4773, subdivision 10, Or. L., to make known his intention to back truck, constituted "negligence *per se.*"

Negligence—Truck Driver's Statutory Duty to Keep Lookout When Turning on Street Could not be Delegated to Boy Occupant.

8. Statutory duty of truck driver turning on street to keep lookout for on-coming traffic could not be delegated to boy riding on truck and injured in collision.

---

4. Province of court and jury respectively with reference to question of proximate cause, see note in **Ann. Cas.** 1913B, 351. See, also, 22 **R. C. L.** 148.

7. Disobedience of statute as negligence, see notes in 9 **L. R. A.** (N. S.) 339; 20 **R. C. L.** 38.

**Municipal Corporations—Whether Truck Driver Could have Avoided Collision With Truck Turning on Street by Exercise of Due Care was Question for Jury.**

9. Whether driver of Ford truck, colliding with Dodge truck being turned on street, on which plaintiff was riding, could have avoided collision by exercise of due care, was question of fact for jury.

**Negligence—Negligence of Driver of Truck Colliding With Defendants' Truck, Did not Relieve Defendants from Liability for Injuries to Invitee Unless Such Negligence was Sole Proximate Cause of Accident.**

10. Negligence of driver of truck colliding with defendants' truck while defendants' truck was being turned on street did not relieve defendants from liability for injuries to boy, who was invitee, riding on defendants' truck, unless such negligence was sole proximate cause of accident.

**Municipal Corporations—Negligence—Boy Injured in Truck Collision Could Recover Against Owners of Both Trucks, Though One Defendant was More Negligent Than the Other.**

11. Boy injured in automobile truck collision could recover damages from owners of both trucks if he established that their combined and concurrent negligence produced single and indivisible injury, and it was immaterial that one of defendants may have been far more negligent than the other.

**Municipal Corporations—Negligence—If Concurrent Negligence of Truck Drivers Injured Plaintiff Riding in One, They were Joint Tort-feasors, Though Acting Independently.**

12. If concurrent negligence of truck drivers produced collision in which plaintiff, riding in one, was injured, they were joint tort-feasors, even though they acted independently of each other, and without common purpose or design, and either or both of defendants could be held liable.

**Municipal Corporations—Negligence—Instruction Regarding Right of One Using Streets to Assume That Other Persons Would Obey Laws Held Properly Applied to Both Defendants, Whose Trucks Collided.**

13. In action for injuries sustained by boy when truck on which he was riding was struck by another truck, instruction re-

10. Concurrent negligence of third person where defendant's negligence is proximate cause of injury, see note in 17 L. R. A. 33. See, also, 22 R. C. L. 129. Doctrine of proximate and remote cause, see note in 36 Am. St. Rep. 807. See, also, 22 R. C. L. 110.

11. Concurrent negligence of two or more persons resulting in injury to third, see note in 16 Am. St. Rep. 250. See, also, 22 R. C. L. 129.

12. May acts of independent tort-feasors, each of which causes damage, be combined to create joint liability, see note in 35 A. L. R. 409. See, also, 26 R. C. L. 764. Joint liability for injury to third person due to concurring negligence of drivers of automobiles, see note in 16 A. L. R. 465.

quested by one defendant regarding right of one using streets to assume that other persons will obey laws of state, and act with reasonable diligence and prudence, *held* properly applied to both defendants.

**Municipal Corporations—Instruction That, Even if Driver of Truck on Which Plaintiff was Riding Failed to Signal Regarding Backing Up, Defendants' Truck Driver Did not have Right to Deliberately Run into Truck, Held not Misleading.**

14. In action for injuries sustained by boy riding on truck being turned on street when defendants' truck ran into it, instruction, in effect, that, even if driver of truck on which plaintiff was riding failed to signal his intention to back up, that defendants' truck driver would not have right to deliberately run into the other truck, but it would be his duty to use every reasonable means to avoid collision, and, if necessary and possible, to stop his car before colliding, *held* not misleading.

**Trial—Instruction That Plaintiff Could not Recover for Acts of Negligence not Pleaded Held Proper.**

15. In action for injuries sustained by boy riding on Dodge truck when Ford truck collided with same, instruction that, since there was no allegation of negligence against owners of Dodge truck from their failure to have same equipped with rear view mirror, jury could not consider fact, if it was fact, that such mirror was broken or otherwise defective, and that plaintiff could only recover for acts of negligence alleged in complaint, *held* proper.

---

Guardian and Ward, 28 **C. J.**, p. 1248, n. 67, p. 1265, n. 2.
Master and Servant, 39 **C. J.**, p. 269, n. 68.
Motor Vehicles, 42 **C. J.**, p. 934, n. 74, p. 935, n. 87, p. 936, n. 93, p. 1130, n. 13, p. 1131, n. 15, 23, p. 1193, n. 87, p. 1256, n. 69, 78, p. 276, n. 10, p. 1281, n. 95, p. 1282, n. 8.

From Clatsop: J. A. EAKIN, Judge.

Department 2.

AFFIRMED.

For appellant, Columbia Soda Works, there was a brief over the names of *Messrs. Carey & Kerr* and *Mr. Omar C. Spencer,* with an oral argument by *Mr. Marvin K. Holland.*

For appellants Johnson & Morrison there was a brief over the names of *Messrs. Wilbur, Beckett,*

---

15. Right to recover upon acts of negligence not pleaded, see note in **Ann. Cas. 1912A,** 641.

*Howell & Oppenheimer* and *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Frank C. Hesse.*

For respondent there was a brief and oral argument by *Mr. James L. Hope.*

BELT, J.—These actions, by stipulation consolidated here and in the lower court, arose out of an automobile collision in which a boy, about thirteen years of age, named Frank Peters, was injured. The accident occurred on one of the main streets of the City of Astoria in the afternoon of August 13, 1924. The boy was standing on or near the tail-gate of a Dodge truck operated by Johnson & Morrison, a copartnership engaged in the retail grocery business. He was not in the employ of these defendants, but there is evidence that he was on the truck with their knowledge and consent and was permitted to assist in the delivery of goods to their customers. The truck, facing east, had stopped for the purpose of making a delivery on the south side of Commercial Street, which runs east and west. After the delivery had been made, the driver started to back the truck diagonally across Commercial Street with the apparent intention of driving west thereon. When the vehicle reached approximately the center of the street, an east-bound Ford truck owned by the Columbia Soda Works collided with it, throwing the boy to the pavement, whereby he was seriously and permanently injured.

In one action the father seeks to recover for hospital and medical expenses incurred as a result of this accident. The other action was commenced by the father as the guardian of his son to recover damages for personal injuries the boy is alleged to have

sustained. Both actions involve the same specifications of negligence. It is the theory of the plaintiffs that the damage sustained was the proximate result of the combined and concurring negligence of both truck drivers. The driver of the Dodge truck, an employee of Johnson & Morrison, was charged with negligence in backing the automobile (1) without giving any signal or sounding any warning; (2) without looking for oncoming traffic, and (3) at a dangerous and excessive speed. The defendants who constitute the copartnership of the Columbia Soda Works are charged by plaintiff with negligence in that their employee drove the Ford truck (1) at a reckless and unlawful rate of speed, to wit, in excess of twenty miles per hour, and (2) without keeping a lookout for other vehicles using the street. The Columbia Soda Works answered denying the negligence charged and alleging affirmatively and in substance that the accident was due to the contributory negligence of the Peters boy and to the negligence of the driver of the Dodge truck. In charging negligence against Johnson & Morrison, the complaint of the plaintiff is substantially adopted. Johnson & Morrison answered denying negligence and, in averring that the negligence of the Columbia Soda Works was the proximate cause ·of the accident, likewise adopted the specifications of negligence as charged by plaintiff. They also asserted that the boy was guilty of contributory negligence.

Summarizing the issues under the pleadings, the plaintiff alleged that negligence of both defendants was the proximate cause of the accident; both defendants charged the boy with contributory negligence, and each defendant averred that the other, if anybody, was the one to be held responsible. A ver-

dict in both actions was had for the plaintiff against both defendants and from the judgments entered thereon each defendant has separately appealed.

In these actions the plaintiff occupied a strategic position. After establishing his *prima facie* case, it remained only for him to stand by and watch, with some degree of satisfaction, the contest waged between these defendants. The more numerous the charges of negligence hurled against each other, the stronger grew plaintiff's case. The verdict of the jury was a natural consequence.

1. We will first consider the appeal of Johnson & Morrison. It is contended that Frank Peters was a bare licensee while riding on the autotruck of these defendants and, therefore, that they owed him only the duty not to wilfully or wantonly injure him. We are of the opinion that he was an invitee. The evidence established without contradiction that the boy was on the autotruck with the knowledge and consent of the driver. For about two weeks prior to the accident the boy, at odd times, had worked about the grocery store helping the clerks to fill orders for customers and, on several occasions, had gone on the truck to help make deliveries. In view of the legal status of the boy, defendants were obliged to exercise due care to avoid injuring him. The facts in this case are analogous to those in *Rook* v. *Schultz,* 100 Or. 482 (198 Pac. 234), wherein a boy of about the same age volunteered to assist in the delivery of milk and was injured while riding on the running-board of the auto-truck. It was there held that the law applicable to an invitee was controlling.

2, 3. There is no merit in the claim that the complaint in the cause of the guardian fails to state a cause of action. It is insisted that it should

have been brought by the minor through his guardian and not by the father as the guardian for the minor. This contention is answered adversely to appellants by Section 34, Or. L., wherein it is provided that a guardian "may maintain an action as plaintiff * * for the injury or death of his ward." We need not inquire as to what may be the authorities in other jurisdictions. Furthermore, if the guardian did not have the capacity to bring this action, such appeared on the face of the complaint and, unless a demurrer was made thereto pointing out the specific objection, the point now urged is deemed to have been waived. A general demurrer will not suffice.

4. Relative to the complaint it is also argued that it appears from the face thereof, (1) that the backing of the Dodge autotruck "merely created a condition for the accident to happen, which would not have resulted in injuries to the Peters boy except for the subsequent negligence of appellants Columbia Soda Works"; (2) "That the Peters boy came to his injuries on account of appellants Columbia Soda Works driving their truck into our truck, while looking in an opposite direction from which they were driving"; and (3) "That our negligence, if any, had come to a complete end, and that appellants Columbia Soda Works had the last opportunity of avoiding injuries to the Peters boy." We are unable, as a matter of law, to agree with these conclusions. Such questions were for the determination of the jury. Both trucks were moving at time of collision. The flow of negligence, if plaintiff's testimony is to be believed, was unchecked by any intervening or independent cause.

5. An examination of the complaint discloses that, after plaintiff had made specific charges of negligence against each defendant, it was then alleged, "That by

reason of said collision and by reason of the negligence and acts of said defendants as above set forth in operating and driving their said respective trucks and thus throwing and pitching the said Frank Peters to the hard pavement, the said Frank Peters was severely injured) * * .'' The meaning of the pleader is clear. Failure to use such words as ''concurrent'' or ''simultaneous'' in referring to the negligence of the defendants pertains to form rather than substance.

6–8. Appellants are not entitled to a directed verdict. Assuming that the Peters boy informed the driver that the right of way to the rear was clear and that the driver also looked before starting the truck, he was not relieved of the duty to exercise due care while the vehicle was in motion. It is conceded that he gave no signal, as required by Section 4772 (subdivision 10), Or. L., to make known his intention to back the truck. His failure to comply with the statute in this respect constitutes negligence *per se: Marshall* v. *Olson,* 102 Or. 502 (202 Pac. 736); *Emmons* v. *Southern Pac. Co.,* 97 Or. 263 (191 Pac. 333); *Northwest Door Co.* v. *Lewis Inv. Co.,* 92 Or. 186 (180 Pac. 495). It is also conceded that, after starting to back, the driver did not look to the rear before the collision occurred. It seems that he depended upon a thirteen year old boy to look for him. His statutory duty to keep a lookout for oncoming traffic cannot thus be delegated.

9–11. Whether the driver of the Ford truck could have avoided the collision by the exercise of due care was a question of fact for the jury to determine. Assuming that the Ford truck driver was negligent in this respect, it did not relieve Johnson & Morrison from liability unless such negligence was the sole

proximate cause of the accident. Plaintiff need not be concerned as to which of the defendants was the more negligent. His case against both is made if it be established that their combined and concurrent negligence produced a single and indivisible injury. It is immaterial that one of the defendants may have been far more negligent than the other: *Carlton* v. *Boudar,* 118 Va. 521 (88 S. E. 174, 4 A. L. R. 1480); *Burd* v. *Bleischer,* 208 App. Div. 499 (203 N. Y. Supp. 754); Huddy on Automobiles (8 ed.), § 469; Berry on Automobiles (5 ed.), § 227.

Appellants also complain of the failure of the court to give certain requested instructions. On examination of the entire charge of the court we find that the issues and the law applicable thereto were clearly and accurately stated. All of the instructions to which the defendants were entitled were covered in language that the jury might well understand. Most of the requested instructions were predicated on the theory that the Peters boy was a mere licensee. There was no evidence from which such inference could reasonably be drawn. This was, indeed, a difficult case from the standpoint of the trial judge, but it was submitted to the jury in a most able manner. We think appellants have no cause to complain as to the instructions of the court.

The contention that the Peters boy was guilty of contributory negligence, as a matter of law, is wholly untenable and we think warrants no discussion.

We next consider the appeal of defendants, Columbia Soda Works:

12. It is urged that it was improper to join these defendants with Johnson & Morrison since, in the operation of their respective trucks, they acted independently of each other and without common pur-

pose or design. Conceding this to be true, so far as the operation of the vehicles is concerned, it does not follow that the defendants are not joint tort-feasors. If their concurrent negligence produced the result of which complaint is made, either or both of the defendants may be held liable: *Strauhal* v. *Asiatic S. S. Co.,* 48 Or. 100 (85 Pac. 230). In support of this conclusion also see authorities above cited relative to concurrent negligence.

13. The court was requested to give the following instruction:

"You are instructed that one using the highways is entitled to assume that other persons using such highways will obey the laws of the state and act with reasonable diligence and prudence, so defendant Niilo Erickson had a right to assume that other persons using Commercial Street at and just prior to the time of the accident would conduct themselves with reasonable prudence and diligence and not cause an automobile to be backed or turned across the street into the automobile which Erickson was driving without giving any warning."

This instruction was given by the court with the following modification:

"The same would also be true with reference to Johnson in driving his truck and he would have a right to assume that any other person traveling the street at that time would also observe the law and conduct himself in a prudent and careful manner."

The requested instruction was sound, but we see no error in applying the same rule of law to appellants Johnson & Morrison. Indeed, the plaintiff had the right to have this rule applied to both defendants.

14. Error is also assigned on the giving of the following instruction:

"If you find from the evidence that the defendant, C. E. Johnson, was backing his truck toward the north on Commercial Street with the intention of turning to the west, and at that time, the defendant, Erickson, was driving his truck to the east on the same street with the intention of passing Johnson's truck, but as Erickson approached Johnson, Johnson ran his truck in front of Erickson's truck without signalling his intentions, Erickson *would not have a right to deliberately and ruthlessly run into Johnson's truck,* but it would be his duty to use every reasonable means and care to avoid the collision, and if necessary and possible, to stop his car before colliding."

Objection is particularly made to that portion thereof which we have italicized. There was no contention in this case that the Ford truck was deliberately or wantonly driven so as to cause a collision with the Dodge truck. What the court had in mind in this instruction—which, no doubt, was clearly understood by the jury—was that Erickson, who drove the Ford truck, did not have the right to violate the law, even though it be found that the driver of the Dodge truck did not comply with the statute in respect to giving a signal. The charge of the court, considered in its entirety, convinces us that the jury was not misled in this respect.

15. Finally, it is urged that the court erred in giving the following instruction:

"I instruct you that inasmuch as there has been no allegation of negligence against the defendants, Johnson & Morrison, from their failure to have their automobile equipped with proper rear-view mirror, you are not entitled to take into consideration the fact, if it is a fact, that such a mirror was broken or otherwise defective; in other words, the plaintiff could only recover for the acts of negligence which are alleged

in the complaint and that was not alleged as one of the acts of negligence."

There was no issue in the pleadings concerning the failure of Johnson & Morrison to have their auto-truck equipped with proper rear-view mirror and no error was committed in so instructing the jury.

We see no error that would justify a reversal as to either of the defendants. It follows that both judgments are affirmed.                AFFIRMED.

RAND, C. J., and BEAN and BROWN, JJ., concur.