JULIAN A. GLAZENER v. THE SAFETY TRANSIT LINES, INC., AND
T. C. HENDERSON.

(Filed 9 January, 1929.)

**Parties — Defendant — Joinder — Joint Tort-Feasors — Automobiles — Demurrer.**

Where the plaintiff alleges that he was riding in an automobile independently driven by another, and that he received injuries proximately caused by the concurrent negligence of such driver, and the driver of another automobile, alleging in detail sufficient matters to constitute neg-

ligence on the part of both drivers, the negligence alleged is of a joint tort, permitting recovery against each or both joint *tort-feasors*, and a demurrer to the complaint for misjoinder of parties and causes of action is bad.

APPEAL by defendant, The Safety Transit Lines, Inc., from *Schenck, J.,* at August Term, 1928, of TRANSYLVANIA. Affirmed.

Action to recover damages for personal injuries caused by the joint and concurrent negligence of defendants.

From judgment overruling its demurrer to the complaint, defendant, The Safety Transit Lines, Inc., appealed to the Supreme Court.

*No counsel for plaintiff.*
*D. L. English for defendant.*

PER CURIAM. There is no error in the judgment overruling appellant's demurrer to the complaint, upon the ground, first, that the facts stated therein are not sufficient to constitute a cause of action; and, second, that there is a misjoinder therein both of parties and causes of action.

The facts alleged in the complaint, taken to be true for the purposes of this appeal, are sufficient to constitute a cause of action against both defendants. Plaintiff, while riding as a guest in an automobile driven by defendant, T. C. Henderson, was injured as the result of a collision between said automobile and a bus owned and operated by defendant, The Safety Transit Lines, Inc., on a State Highway. Upon the facts alleged in the complaint, the proximate cause of plaintiff's injuries was the joint and concurrent negligence of the defendants. Upon these facts they are liable as joint *tort-feasors*. *Lineberger v. City of Gastonia, ante,* 445; *Moses v. Morganton,* 192 N. C., 102, 133 S. E., 421.

In *Ballinger v. Thomas et al.,* 195 N. C., 517, 142 S. E., 761, it is said: "That one who is riding in an automobile, the driver of which is not his agent or servant, nor under his control, and who is injured by the joint or combined negligence of a third person and the driver, may recover of either or both, upon proper allegations, for the injuries thus inflicted through such concurring negligence, is fully established by our own decisions, and the great weight of authority elsewhere." See cases cited.

There are no inconsistent allegations with respect to the negligence of the defendants in this case, as there were in *Ballinger v. Thomas.* Nor is the allegation that the joint and concurrent negligence of defendants was the proximate cause of plaintiff's injuries, merely a conclusion of law by the pleader. The facts with respect to the negligence

of both defendants are alleged in the complaint, specifically and in detail. Upon these facts plaintiff is entitled to recover of either or both of the defendants.

The action is remanded to the Superior Court of Transylvania County, to the end that defendants may file answers to the complaint, if they are so advised. The judgment is

Affirmed.