FRANK D. MCKENDALL *vs.* NATIONAL WHOLESALE CONFECTIONERY CO.

JANUARY 13, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

STEARNS, C. J.   This is an action in trespass to recover for damage to plaintiff's automobile caused by a collision with an automobile owned and operated by one Morris Feinberg, doing business under the name of National Wholesale Confectionery Co.

The declaration is in trespass; the plea is the general issue.   The case was tried by a jury.   The trial justice directed a verdict for the defendant on the ground that trespass would not lie as the injury to plaintiff was not intentional.   The case is here on the plaintiff's bill of exceptions; the only exception is to the direction of the verdict.

The collision occurred at the junction of Branch avenue and West River street in Providence.   The day was clear, there was no other traffic on the street and the view was unobstructed.

Plaintiff based his action on the negligence of defendant; he did not claim that the injury was intentional.   Defendant claimed that the plaintiff was negligent.

General Laws 1923, Chapter 333, Section 26, provides that when a plaintiff has reason to doubt whether his action should be in trespass or on the case, he may bring either action and join therein counts in trespass and on the case, or either of them, and that the defendant shall plead to each count according to the practice at common law.   This statute was intended to eliminate some ancient technicalities of procedure in these two tort actions.   As a remedial statute it has been given a liberal construction.   Thus in *Barker* v. *Almy*, 20 R. I. 367, the action was trespass on the case.   The declaration was in trespass.   A motion in arrest of judgment was overruled and the action was remitted to the district court with permission to change the declaration from one in trespass to one on the case.   In *Adams* v. *Lorraine Mfg. Co.*, 29 R. I. 333, it was held that a writ in trespass or on the case will support a single count or several counts in the other form of action.   The settled rule in this State is that where the injury is the effect of force, direct and intentional, the action must be in trespass and not on the

case; where the injury is the effect of negligence, though the force be direct or immediate, the plaintiff has an election to sue either in trespass or in trespass on the case. *Brennan* v. *Carpenter*, 1 R. I. 474. The distinction of the actions in trespass and on the case has been lessened by the statute but not entirely abolished. So long as any distinction is maintained, whenever the attention of the court is timely called to any incorrect procedure, the court will recognize such distinction. *Mossessian* v. *Callender, McAuslan Co.*, 24 R. I. 168; *Read* v. *Dunn*, 48 R. I. 437.

In the case at bar the plea of the general issue to the declaration in trespass was a denial of the fact that defendant had done the act complained of. Any matter of justification or excuse should have been specially pleaded. *Collier* v. *Jenks*, 19 R. I. 493; *Williams* v. *Hathaway*, 20 R. I. 534; *Smith* v. *Wilson*, 21 R. I. 327; *Silva* v. *Silva*, 27 R. I. 562. Negligence was the gist of the present action. As the injury was direct and not intentional plaintiff could sue either in trespass or on the case. Although there was no special plea, the neglect to take exception when evidence of plaintiff's negligence was offered was a waiver of the right to take advantage afterward of the admission of such evidence. *Silva* v. *Silva, Collier* v. *Jenks, supra.* In the case at bar the question of the form of action is of no importance. The rule of liability when the basis of action is negligence is the same either in trespass or on the case; the form of the action does not affect the rule as to such liability. *Hawksley* v. *Peace*, 38 R. I. 544.

The exception of plaintiff is sustained. The case is remitted to the Superior Court for a new trial.

*Harlow & Boudreau*, for plaintiff.

*Fergus J. McOsker*, for defendant.