LILLIAN E. EDMANDS, *Ex'x. vs.* OTTO W. OLSON.

DECEMBER 22, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This case is before us on the plaintiff's exceptions to decisions by a justice of the superior court sustaining the defendant's demurrers to each of the two counts of the declaration. The action as described in the plaintiff's writ is "trespass causing the death of plaintiff's decedent by wrongful act." The introductory paragraph of the declaration describes the action as "an action of trespass for running or driving an automobile against the plaintiff's said decedent or testate causing his death by wrongful act."

The gist of the first count is that the defendant, "with force and arms, a violent assault in and upon the body of the said plaintiff's decedent or testate did then and there commit, and him the said decedent or testate did beat, bruise, wound and evil entreat", thus "by the aforesaid wrongful act of the said defendant", causing "the death of the said decedent or testate."

The gist of the second count is that the defendant, "with force and arms, drove or ran an automobile with great force and violence into and against the body of the said plaintiff's decedent or testate, and him the said decedent or testate did cut, bruise, wound and evil entreat", concluding as in the first count.

The demurrer to each count sets forth the same four grounds, the first and fourth grounds being based on substantially the same contention, *viz.*, that the count fails to set forth a cause of action for death by wrongful act, but only "sets forth a cause of action of trespass with force and arms which cause of action does not survive where death results." The second and third grounds of demurrer are based on the contention that each count is too vague, indefinite and uncertain because it does

not state whether the defendant's wrongful act, which is complained of, was intentional or negligent. The demurrer to each count was sustained on all four grounds.

The action was brought under general laws 1923, chapter 333, sec. 14, now general laws 1938, chapter 477, § 1. This statute does not provide for any special form of action, but the gist of it, for our present purposes, is as follows: "Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony."

Since no special form of action is provided by the statute, it is our opinion that under it the same form or forms of action may be employed by the person or persons entitled to bring an action under the statute as could properly have been employed by the deceased, if he had not died. *Union Ry. & Transit Co.* v. *Shacklet,* 119 Ill. 232. 5 Enc. Pl. & Pr. 849. *Read* v. *Dunn,* 48 R. I. 437; Id. 137 A. 9, and cases therein cited.

The above Illinois case had been brought by an administrator to recover, under a statute similar to the one involved in the instant case, for the death of the decedent, which was alleged to have been caused by the negligence of the defendant. At page 239, the court says: "It is a familiar principle, that whenever a statute gives a new right without creating a special remedy for its enforcement, it may be enforced by any appropriate common law action." That case is cited in the above citation from

Enc. Pl. & pr., in which the rule is stated as follows: "When the statute giving a right of action for death, caused by the wrongful act or neglect of another, fails to provide a special remedy, such right may be enforced by any appropriate common-law action."

So far as we have been able to ascertain, this rule has been consistently followed in this state. According to it, all that is necessary for a good declaration under such a statute is that it should contain allegations which, if the person deceased were still living, would state a good cause of action by such person against the defendant for personal injuries caused by the act, neglect or default of the defendant; and that it should also contain allegations that such person died as a result of such act, neglect or default and that the plaintiff is the administrator of the estate of the deceased or is otherwise a person entitled to bring such an action under the statute.

The next question for consideration is what ·form or forms of action could have been employed by the plaintiff's decedent, Frederick W. Edmands, if he had not died as a result of the personal injuries to him, complained of in the plaintiff's writ and declaration, but were still living. Those injuries are therein stated to have been inflicted upon him by the *wrongful act* of the defendant in running or driving an automobile against him.

This act is not alleged to have been done by a servant or agent of the defendant and the implication is clear that it was charged to be the act of the defendant personally, by which force was *directly* applied to the body of the decedent. It is well settled in this state, as well as elsewhere, that in such a case the injured person *may* bring an action of trespass, whether the direct application of force by the defendant was intentional or negligent, and can bring *only* an action of trespass, if the direct application of force was intentional.

The correct rule is thus stated in *McKendall* v. *National Wholesale Confectionery Co.*, 50 R. I. 424, 148 A. 315: "The settled rule in this state is that where the injury is the effect of force, direct and intentional, the action must be in trespass and not on the case; where the injury is the effect of negligence, though the force be direct or immediate, the plaintiff has an election to sue either in trespass or in trespass on the case." This follows closely the opinion of this court in *Brennan* v. *Carpenter*, 1 R. I. 474.

We are of the opinion, therefore, that if the plaintiff's decedent, Edmands, were still living, but otherwise the facts as to injuries inflicted on him by the defendant were the same as are alleged in the declaration in the instant case, he, Edmands, could properly have brought an action in the form of trespass. For this reason, we are also of the opinion that the plaintiff, as the executrix of his will, could properly bring an action in the form of trespass, whether the application of force by the defendant was intentional or merely negligent. This is in accordance with the opinion of this court in *Read* v. *Dunn, supra.*

Hence it is our conclusion that the justice of the superior court who sustained the demurrer to the plaintiff's declaration was not justified in so doing upon the first or fourth ground of demurrer.

The strongest contention that the defendant's attorneys have made in support of the second and third grounds of demurrer is that it is not specified in either count of the declaration whether the conduct of the defendant in driving his automobile against the plaintiff's decedent was intentional or merely negligent.

It is our opinion that the same rule which we have already applied, with reference to the former contention that an action of *trespass* cannot be brought under the

statute, should also be applied with reference to this latter contention. Restated, with special reference to this latter contention, the rule is that in a declaration, under the statute, to recover for the death of a person caused by the wrongful *act* of the defendant, such act need not be alleged any more fully or precisely than would have been necessary, if the injured person had not died but had brought the same form of action to recover for his injuries.

The question then is narrowed to this one: In an action of trespass to recover damages for personal injuries caused to the plaintiff himself by wrongful conduct of the defendant in directly applying force to the plaintiff's body, is the plaintiff required to specify in his declaration whether the defendant's wrongful conduct was intentional or only negligent? We have not been able to find any Rhode Island case which is of any real assistance to us in deciding this question.

The defendant's attorneys in the instant case seem to rely especially on certain language in the opinions of this court, written by the same justice, in *Wells* v. *Knight,* 32 R. I. 432, 80 A. 16 and *Baran* v. *Silverman,* 34 R. I. 279, 83 A. 263. But in each of these cases the language, thus relied upon, was purely *dictum* and was unsupported by any reasoning or citation of authority.

These attorneys seem also to rely upon the opinion of this court in *Salerno* v. *Sheern,* 62 R. I. 121, 3 A. 2d. 657, but we find nothing therein which supports their contention on this point.

In the text books dealing with pleadings in declarations in different forms of action we have not found any support for an affirmative answer to this question and much support for a negative answer. See Stephen on Pleading, (Andrews ed.), 81, 2 Chitty on Pleading, (16th Am. ed.)

612, and Oliver's Precedents, (5th ed.) 277, for forms recognized as proper in such actions of trespass. In the last of these citations what appears to be the gist of a standard common-law form for a declaration for assault and battery is set forth thus: "For that the said D on etc., at etc., with force and arms, in and upon the plaintiff, made an assault, and him then and there beat, bruised, wounded, and evil entreated . . . ." Several other forms used in different states are also set forth and not one of them contains any statement as to whether the alleged conduct of the defendant toward the plaintiff was intentional or was negligent.

In this respect the requirements for a declaration in trespass differ from those for a declaration in trespass on the case, as to the latter of which it is stated in 21 Enc. Pl. & Pr. 907 as follows: "The distinguishing characteristic of an action on the case seems to be that all the facts upon which the plaintiff relies must be stated in his declaration."

In 21 Enc. Pl. & Pr. 785, the rule is laid down thus: "Where the act done is, without the intervention of any other act or agent, immediately injurious to the person or property of another, and without or against his consent or agreement, therefore necessarily being accompanied with force, the remedy is trespass *vi et armis;* and *it is immaterial whether the injury was or was not committed wilfully*." (italics ours after the words *vi et armis*)

So far as we have been able to ascertain, all or practically all the authorities on the subject, under the common law, seem to be in favor of the rule that in order to state a good cause of action in *trespass* for bodily injuries suffered by the plaintiff from the wrongful and *direct* use of force by the defendant upon him, all that is necessary is to set forth and describe such use of force and the

resulting injuries to the plaintiff and that it is not necessary for him to state that the defendant's conduct was intentional or that it was negligent. On the other hand, in an action of *trespass on the case* for bodily injuries resulting from negligent conduct by the defendant, the defendant's negligence is of the essence of the action, and the plaintiff must, in his declaration, allege and describe such conduct.

This distinction is well brought out in *Ricker* v. *Freeman,* 50 N. H. 420, 9 Am. Rep. 267. There the defendant had violently pushed the plaintiff against a third person, who in self-protection repelled the plaintiff, the result being a bodily injury to the plaintiff. The action was in trespass *vi et armis.* In its opinion, the court says, at page 428, (269): "The first objection that is now insisted upon related to the form of the action. In all cases where the injury is done with force and immediately by the act of the defendant, trespass may be maintained; and where the injury is attributable to negligence, although it were the immediate effect of the defendant's act, the party injured has an election either to treat the *negligence* of the defendant as the cause of action, and declare in case, or to consider *the act itself* as the cause of the injury, and to declare in trespass." (italics ours) See also *Dalton* v. *Favour,* 3 N. H. 465 and *Blin* v. *Campbell,* 14 Johns, N. Y. 432.

That it has not been required or customary for the plaintiff in a declaration in an action of trespass *vi et armis* to state that the defendant's act was intentional or that it was negligent seems to us to be quite clear. See for instance *Leame* v. *Bray,* 3 East 593, decided in 1803. There the action was in trespass and it is stated, in the report of the case, that "the plaintiff declared that the defendant with force and arms drove and struck a single-horse chaise which the defendant was then driving along

the king's highway with such great force and violence upon and against the plaintiff's curricle . . . in which said curricle the plaintiff was then and there riding", that the plaintiff's collarbone was fractured.

Apparently it was not alleged in the declaration that in doing what he did the defendant acted intentionally or that he acted negligently. But the evidence showed that his conduct was only negligent, and the court held that the action of trespass was proper, saying, at page 599: "If the injurious act be the immediate result of the force originally applied by the defendant and the plaintiff be injured by it, it is the subject of an action of trespass *vi et armis* by all the cases both ancient and modern. It is immaterial whether the injury be wilful or not."

See also *Wakeman* v. *Robinson*, (1823), 1 Bing. 213, where the cause of action is stated as "Trespass, for driving against Plaintiff's horse, and injuring him with the shaft of a gig." There it was held that the plaintiff was entitled to recovery upon proof that the defendant thus injured the plaintiff's horse and was at fault in so doing, although his act was not intentional.

Upon consideration of the authorities on this matter, we find that in this state, in which the matter is governed by the common law, the plaintiff in an action of trespass for assault and battery, or for bodily injuries to him, inflicted by the wrongful and *direct* use of force by the defendant upon him, is not required to specify, in his declaration, that the defendant's conduct in such use of force was intentional or that it was negligent.

We have found *supra* that in a declaration to recover, under the statute above referred to, for the death of a person caused by the wrongful *act* of the defendant, such act need not be alleged any more fully or precisely than would have been necessary, if the injured person had not

died but had brought the same form of action to recover for his injuries.

From these two findings the conclusion necessarily follows that the plaintiff in the instant case was not required to specify in either count of his declaration that the alleged wrongful act by the defendant was intentional or that it was negligent. It follows that in our opinion the justice of the superior court was not justified in sustaining the demurrer to the declaration upon the second or third ground of demurrer.

The rules of pleading at common law in actions of trespass being somewhat technical, each party in this case should be careful as to the further pleadings, so that it may be fully tried and disposed of on its merits.

The plaintiff's exceptions are sustained, and the case is remitted to the superior court for further proceedings.

*Arthur Cushing*, for plaintiff.

*Hoyt W. Lark, Hart, Gainer & Carr*, for defendant.