Middleton, J.
It is agreed that the sole question for this court’s determination is whether a common carrier of passengers may be joined as a defendant with the operator of another vehicle with which one of the carrier’s vehicles collided, in an action brought by a passenger of such carrier for injuries alleged to have proximately resulted from the independent concurrent acts of negligence of the carrier and the owner of such other vehicle. The railway company in support of its demurrers to the petitions urges that as a common carrier of passengers it owed to Rose Meyer the duty of exercising the highest degree of care; that *40 Walker owed to such plaintiff the duty of exercising only ordinary care; that the duties of care thus appear not of the same character; that consequently joint liability does not exist; and that, therefore, there was a misjoinder of parties defendant, under the decision of this court set forth in the third paragraph of the syllabus of Stark County Agricultural Society v. Brenner, an Infant, 122 Ohio St., 560, 172 N. E., 659, which reads:
“Joint liability for tort only lies where wrongdoers have acted in concert in the execution of a common purpose and where the want of care of each is of the same character as the want of care of the other.'’’ (Emphasis supplied.)
The opinion and paragraph three of the syllabus of the Brenner case are based upon the concept that joint liability arises only from the commission of a joint tort, i. e., the joint commission of a single wrongful or tortuous act. This is in accord with the early English view. In the strict sense, “joint tort” originates in action of the mind, volition, concert of action, common purpose. The conclusion that joint liability can arise only from joint tort fails to recognize the more modern authorities which consider the fact that independent concurrent acts may produce or result in a single injury.
It was in this beclouded atmosphere of thought concerning joint tort and joint liability that reference was made in the Brenner case to the necessity of the “want of care of each” being “of the same character as want of care of the other” to justify joinder of defendants. (Emphasis supplied.) “Joint liability,” which is referred to in paragraph three of the syllabus in that case and which it was said cannot exist unless the want of care of the wrongdoers is of the same character, is there referred to in the sense of *41 liability arising from the commission of a joint tori as hereinabove defined. In this lies the error of that paragraph of the syllabus and from this stem the uncertainty and confusion which have been experienced in applying the language therein used. The concept that “joint liability” can arise only from the commission of a ‘‘joint tort’’ is fundamentally unsound. Joint liability can arise from the concurrent commission of independent wrongful acts, each having causal connection with the injury or damage complained of.
This principle is recognized in the opinion in Wery v. Seff, 136 Ohio St., 307, 311, 25 N. E. (2d), 692, where Judge Zimmerman stated:
“The rule recognized by the majority of courts is that when the negligence of two or more persons concur to produce a single indivisible injury, such persons are jointly and severally liable, and the existence of common duty, common design or concerted action is Hot GSSGIltl&l ^ ^
In 1 Cooley on Torts (4 Ed.), 277, Section 86, the author states:
“The weight of authority will, we think, support the more general proposition, that, where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design or concerted action.” Citing decisions from many states. See, also, Prosser on Torts, 1092, Section 109 et seq.
In Ohio, as in most states, there is a well defined purpose of the courts to avoid multiplicity of suits, in law as well as in equity, and to permit, so far as possible, all issues to be adjudicated in one action. That motive prompted the enactment in 1853 of Section 35 of the “Act to Establish a Code of Civil Procedure” (51 Ohio Laws, 57). That section reads:
*42 “Any person may be made a defendant, who has or claims an interest in tbe controversy, adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein. ’ ’
That identical language appears today in Section 11255, General Code.
For nearly one hundred years the courts of Ohio have struggled with the problem of proper joinder of defendants under the above-quoted provision of the Code. It has been quite definitely established that joinder is not permitted where one of the defendants would be primarily liable and the other secondarily liable and this prohibition extends to those to whom the rule of respondeat superior applies and where the liability of one of the defendants would arise exclusively from the application of that rule.
See Clark v. Fry, 8 Ohio St., 358, 72 Am. Dec., 590; Morris v. Woodburn, 57 Ohio St., 330, 48 N. E., 1097: French, Admr., v. Central Construction Co., 76 Ohio St., 509, 81 N. E., 751, 12 L. R. A. (N. S.), 669.
In a number of cases decided by this court, defendants have been joined on the theory that they were concurrent tort-feasors, rather than joint tort-feasors in the strict sense, including Cincinnati Street Ry. Co. v. Murray, Admx., 53 Ohio St., 570, 42 N. E., 596, 30 L. R. A., 508 (in which plaintiff’s decedent was a passenger in a streetcar operated by one of defendants and which streetcar collided with a railroad train operated by the other defendant); Pennsylvania Rd. Co. v. Snyder, 55 Ohio St., 342, 45 N. E., 559, 60 Am. St. Rep., 700 (in which the plaintiff was an employee of one of the defendant railroad companies and while performing his duties as such employee was injured by falling from a defective ladder which was a part of a railroad car owned by the other defendant railroad company); and Maloney v. Callahan, 127 Ohio St., 387, 188 *43 N. E., 656 (where the plaintiff was a passenger in a taxicab operated by one of the defendants and which collided with an automobile owned by the other defendant).
This opinion will not be burdened with citation of numerous cases from other states. The right to join defendants who concurrently committed independent torts having causal connection with the injuries or damages sustained is recognized by the following:
Colegrove v. New York & New Haven Rd. Co. (1859), 20 N. Y., 492, 75 Am. Dec., 418, in which the plaintiff was a passenger on a train of one of the defendants and the injuries were caused by a collision between that train and one operated by the other defendant, and in which the syllabus reads in part:
“A passenger injured by a collision resulting from the concurrent negligence of two railroad corporations may maintain a joint action against both.”
Flaherty, Admx., v. Minneapolis & St. Louis Ry. Co. (1888), 39 Minn., 328, 40 N. W., 160, 12 Am. St. Rep., 654, 1 L. R. A., 680, where a passenger upon a train which collided with a train of another railroad brought an action against the two railroads.
Kinley v. Hines (1927), 106 Conn., 82, 137 A., 9, where the plaintiff was an occupant of one of two automobiles which collided and the action was brought against the drivers of the two automobiles.
Glazener v. Safety Transit Lines, Inc. (1929), 196 N. C., 504, 146 S. E., 134, where an action was brought by a guest passenger in an automobile against the driver of that automobile and the driver of another car with which it collided.
Peters v. Johnson (1928), 124 Ore., 237, 264 P., 459, where a child 13 years of age who was riding in the back of a truck was injured when the truck in which the child was riding collided with another truck while backing into the street.
*44 It is the opinion of this court that Section 11255, General Code, reasonably construed, does not limit the right to join defendants to situations where the defendants have committed a joint tort in the sense that they have committed a wrongful act in concert in the execution of a common purpose and where the want of care of each is of the same character as the want of care of the other.
The right of joinder of defendants is not governed by the respective degrees of care which the law requires to be exercised by the wrongdoers toward the injured person. The extent or character of the duty owed by each to the injured person is not controlling. The duty owed the plaintiff by each of the defendants is a matter to be covered by the trial judge in the charge to the jury. If two or more persons have concurrently committed independent wrongful acts each having proximate causal connection with the injury or damage complained of, each of such persons has such interest in the controversy adverse to the injured person as to warrant joinder of such persons as defendants in an action brought by the injured or damaged person. This conclusion necessitates overruling the third paragraph of the syllabus of Stark County Agricultural Society v. Brenner, an Infant. 122 Ohio St., 560, 172 N. E., 659, and it is hereby overruled.
For the reasons hereinabove stated it is concluded that the defendants herein were properly joined and the judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias and Hart, JJ., concur.
Stewart, J., not participating.