J. R. MIDKIFF, ADMINISTRATOR OF THE ESTATE OF JESSE MIDKIFF, DECEASED, v. NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC., COMPETITOR LIAISON BUREAU OF NASCAR, INC., J & W, INC., WILLIAM (BILL) FRANCE AND JAMES CHESNUTT.

(Filed 4 June, 1954.)

**1. Pleadings § 15—**

The allegations of the complaint must be liberally construed upon demurrer.

**2. Games and Exhibitions § 4—**

Allegations to the effect that plaintiff's intestate was a competitor in a stock car automobile race, that the racetrack was under the control of the defendants, who, acting in concert, were conducting the race, and that they started the race with the track in an unsafe condition as a result of one or more "dead" cars being left thereon after the trial runs immediately before the race, without the knowledge of the competitors, but with defendants being chargeable with notice thereof, and that intestate was fatally injured when his car collided with a "dead" car upon the track, *is held* sufficient to state a cause of action against defendants on the theory of concurrent negligence.

**3. Negligence §§ 10½, 16—**

Ordinarily, assumption of risk is a matter of defense which must be set up by answer rather than by demurrer.

**4. Death § 6—**

In an action for wrongful death, allegations that plaintiff is the duly qualified and acting administrator of the estate of the deceased is sufficient without allegation that plaintiff brings the action in his representative capacity.

APPEAL by defendants (except J & W, Inc.) from *Patton, Special Judge,* at January Civil Term, 1954, of ALAMANCE.

Civil action by plaintiff to recover damages for the wrongful death of his intestate, Jesse Midkiff, due to the alleged negligence of the defendants.

The defendants (except J & W, Inc.) demurred (1) for failure of the complaint to state facts sufficient to constitute a cause of action and (2) for defect of parties. G.S. 1-127 (4) and (6).

The trial court overruled the demurrer, and from the judgment based on such ruling the demurring defendants appealed.

*Thos. C. Carter and Long & Ross for plaintiff, appellee.*
*Long, Ridge, Harris & Walker for defendants, appellants.*

JOHNSON, J.   The complaint alleges in substance these ultimate facts: (1) that the intestate, as one of the competitors in a stock car automobile race held on a track near Raleigh, North Carolina, 19 September, 1953, collided with a dead car upon the track a few seconds after the beginning of the race and was killed in the collision; (2) that the individual defendants, as officers, agents, and servants of the corporate defendants, were supervising and directing the race which was being promoted jointly by the corporate defendants; and (3) that the intestate's death was proximately caused by the joint and concurrent negligence of the defendants in that they, "acting in concert," started the race when they knew, or in the exercise of due care should have known, the track was in an unsafe condition as a result of one or more dead cars being left thereon following the test runs made immediately before the race, the dead cars being out of sight of the competitors starting the race who were without knowledge, or means of knowledge, that the track was in such unsafe condition.

These allegations, when liberally construed in favor of the plaintiff, as is the rule on demurrer, are sufficient to state a cause of action against the defendants on the theory of concurrent negligence. *Bumgardner v. Fence Co.,* 236 N.C. 698, 74 S.E. 2d 32; *Bumgardner v. Allison,* 238 N.C. 621, 78 S.E. 2d 752; *Blalock v. Hart,* 239 N.C. 475, 80 S.E. 2d 373. See also *Glazener v. Transit Lines,* 196 N.C. 504, 146 S.E. 134, and 38 Am. Jur., Negligence, Sec. 63.

The decisions cited and relied on by the defendants are distinguishable. In the case of *Shives v. Sample,* 238 N.C. 724, 79 S.E. 2d 193, it was alleged merely that the plaintiff truck driver, employee of the defendants, was injured in delivering a truck-load of crushed stone or gravel, on a stock pile when the stock pile which was hollow underneath caved in. In that case there was no allegation in respect to how, when, or under what circumstances the stock pile came to be hollow underneath, nor was there allegation that the stock pile was under the control of the defendants, nor that the plaintiff did not have the same knowledge, or means

of knowledge, of the danger as did the defendants. Here, it is alleged that the race track was under the control of the defendants, who, acting in concert, were conducting the race, and that they started the race with the track in an unsafe condition as a result of one or more dead cars being left thereon after the trial runs immediately before the race, without the knowledge of the competitors, but with defendants being chargeable with notice thereof. These allegations clearly distinguish the instant case from *Shives v. Sample, supra.*

The question whether the defendants are entitled to have the plaintiff's allegations of negligence made more definite and certain under the procedure authorized by G.S. 1-153 is not presented by this record.

Also, it would seem that the defendants' argument based on the doctrine of assumption of risk is premature and untenable. Ordinarily, assumption of risk is a matter of defense which must be set up by answer rather than by demurrer. *Dorsett v. Clement-Ross Mfg. Co.,* 131 N.C. 254, 42 S.E. 612; *Hubbard v. Southern R. Co.,* 203 N.C. 675, 166 S.E. 802. See also 65 C.J.S., Negligence, Sections 192 and 197 (b).

The defendants' contention that the complaint is demurrable for failure of the plaintiff administrator to allege specifically that he brings this action in his representative capacity seems to be without merit. It is alleged that plaintiff "is the duly qualified and acting Adminstrator of the estate of Jesse Midkiff, deceased, having been duly appointed by the Clerk of the Superior Court of Alamance County, North Carolina." These allegations suffice to overcome the defendants' demurrer directed to the question of "defect of parties plaintiff."

The judgment below is

Affirmed.